## PROCTER & GAMBLE DISTRIBUTING CO. v. SHERMAN, Atty. Gen. of New York, et al.

(District Court, S. D. New York. October 16, 1924.)

**1. Taxation ⟷608(9)—Statutory remedy for recovery of illegal tax paid held not adequate to exclude jurisdiction in equity of suit for injunction.**

A statutory provision under which a taxpayer, on establishing invalidity of the tax after payment, may recover it back, but without interest, is not an adequate remedy which will exclude jurisdiction in equity of a suit to enjoin collection of the tax.

**2. Taxation ⟷611(5)—Bill held to state a cause of action for injunction to restrain collection of a state tax.**

A bill, alleging that a state tax commission has assessed a tax against complainant corporation, not on its own income or capital, but in part, at least, on that of an independent corporation, *held* to state a cause of action for an injunction to restrain collection of the tax, as against a motion to dismiss.

**3. Taxation ⟷609—Taxpayer held not required to apply for revision of ruling of tax commission before commencing suit to enjoin collection of tax.**

Where a state tax commission has definitely ruled against the claim of a taxpayer of invalidity of a tax assessed against him, he is not

required to apply for a revision of the ruling under the statute before commencing suit to enjoin collection of the tax.

In Equity. Suit by the Procter & Gamble Distributing Company against Carl Sherman, Attorney General of the state of New York, and John F. Gilchrist and others, composing the State Tax Commission of the State of New York. On motion to dismiss bill. Denied.

See, also, 289 F. 1013.

Sur motion to dismiss a bill in equity for insufficiency in law shown upon its face. The bill is filed by a foreign corporation doing business in New York against the New York tax commission and the Attorney General, and prays an injunction forbidding any action looking to the collection of certain corporation taxes levied against the plaintiff for the years 1923 and 1924, under article 9–A of the New York Tax Law (Consol. Laws, c. 60).

The bill alleges that the plaintiff is an Ohio company doing business in New York under a license. Half its shares are owned by the Procter & Gamble Company, another Ohio company, which does no business in New York. The defendant commission demanded of the Procter & Gamble Company a "consolidated report" for the year 1921, showing its transactions with the plaintiff, and with others of its subsidiaries, under section 211, subdivision 9, of the Tax Law (as added by Laws 1920, c. 640, § 3, and amended by Laws 1922, c. 507, § 1). Such a report being furnished, the commission assessed the plaintiff for the years 1923 and 1924, not upon its own income or its capital stock or its shares or its capital in New York, but upon the combined property, income, capital, and shares of the Proctor & Gamble Company and itself, apparently treating the two as a single company and ignoring their corporate personalities. The bill is loosely drawn, but the foregoing is a summary which does not go beyond its fair purport.

Claude T. Dawes, of Albany, for the motion.

Philip Russell, of New York City, opposed.

LEARNED HAND, District Judge (after stating the facts as above). [1] The first question is of the propriety of a resort to equity; in other words, has the plaintiff an adequate remedy at law? The last decision of the Supreme Court, Atlantic Coast Line v. Daughton, 262 U. S. 413, 426, 43 S. Ct.

620, 67 L. Ed. 1051, if read literally, might lead one to suppose that a federal court ought never to regard a statutory remedy as adequate until the highest state court had passed upon it. The statutes there under consideration have been supplied me in the brief, and, while one may make a fair guess at their meaning, it is clear why the Supreme Court hesitated to say that they were wholly plain. The court certainly did not intend to say that no statute could be drawn plainly enough to serve until the highest court of the state had construed it.

However that may be, section 218 of the New York Tax Law, even as amended (Laws 1920, c. 640, § 7, Laws 1921, c. 443, § 8; Laws 1922, c. 507, § 5), does not, in my judgment, give an adequate remedy at law. While the word "may," in the clause "may be refunded to such corporation," probably refers to the taxpayer's option, that is, he may either assign the credit or get the cash, the phrase "at the direction of the state tax commission" is to me ambiguous. The language as a whole leaves it uncertain whether the taxpayer could compel a refund, if the commission opposed him. If the state meant to give a plain and complete remedy, it was certainly easy to do so.

But, quite independently of such doubts, the relief is inadequate because of the express refusal to allow interest. It is no answer to say that interest is not allowed against the sovereign. U. S. v. North Carolina, 136 U. S. 211, 216, 10 S. Ct. 920, 34 L. Ed. 336; District of Columbia v. Johnson, 165 U. S. 330, 338, 17 S. Ct. 362, 41 L. Ed. 734. The adequacy of the requisite legal remedy cannot be measured by the remedies one has against a person who is exempt from all process. If that were the test, the principal itself might be confiscated. While I have been referred to no decision on the point, it seems to me plain that it is not an adequate remedy, after taking away a man's money as a condition of allowing him to contest his tax, merely to hand it back, when, no matter how long after, he establishes that he ought never to have been required to pay at all. Whatever may have been our archaic notions about interest, in modern financial communities a dollar to-day is worth more than a dollar next year, and to ignore the interval as immaterial is to contradict well-settled beliefs about value. The present use of my money is itself a thing of value, and, if I get no compensation for its loss, my remedy does not altogether right my wrong.

[2] The merits being thus opened, I must look at the allegations of the bill. These assert that the defendants have assessed the plaintiff, not on its own income or capital, but in part anyway on that of an independent company, the Proctor & Gamble Company, by virtue of its "consolidated report." Naturally, it does not appear in the bill that the two companies have so manipulated the plaintiff's income as to cause it to disappear, and have thus combined to evade any taxes in New York. Section 211, subdivision 9, gives power to the tax commission, when that is the case, to go behind the formal independence of the two companies, and to find an income based upon a fair profit on the local business. I am very far from saying that that is not a valid and an admirable statute, but the facts must appear. Here I have only allegations which assert that the defendants have assessed the plaintiff on the theory that it must pay taxes on the property and income of another company.

Such allegations are enough to resist demurrer. In other words, I do not think it necessary for the plaintiff in advance to assert the negative by alleging that it did not "dispose of the products" of the Procter & Gamble Company, so "as to create a loss or improper net income." It may stand upon its report as prima facie true, and it is for the defendants to plead that that was only a blind to cheat the state of its proper taxes. Fraud must always be pleaded, and this is in effect fraud.

Except for that defense, I do not suppose that it will be seriously argued that the defendants might lawfully have assessed the plaintiff, not even upon its own income or property elsewhere, but upon that of an independent company, for prima facie the Procter & Gamble Company was such. Procter & Gamble Co. v. Newton (D. C.) 289 F. 1013.

[3] Finally, the defendants argue that, as the plaintiff had the right for a year to apply for a revision under section 218, it should have made such an application, and that the bill is premature. Possibly this might be true in the ordinary case, but it is clearly not so here. The tenth article of the bill alleges that, in negotiations with the commission before the tax was laid, the plaintiff vainly tried to get its position accepted, but that the commission steadfastly maintained its power to assess the plaintiff on the "consolidated report" of the Procter & Gamble Company. While the bill goes on to allege that this position is in the teeth of Procter & Gamble Co. v. Newton, supra, which is erroneous, since that case has nothing whatever to do with this, that allegation is redundant and may be ignored.

It was not necessary for the plaintiff, in the face of the commission's declaration, made at the end of their negotiations, to go through the idle form of making an application under section 218. They had declared themselves on the only point which was at issue between the parties, and the plaintiff, after doing its best to persuade them, was entitled to take them at their word.

Motion denied; defendants to plead over within 20 days.