RIMM, J. T. C.
This local property tax matter is before the court on the municipality’s motion for summary judgment on the ground that taxpayer had not paid all taxes due on the subject property in accordance with N.J.S.A. 54:2-39 at the time the complaint had been filed with the Tax Court. Taxpayer contends that the applicable statute is N.J.S.A. 54:3-27 or, in the alternative, that N.J.S.A. 54:2-39 is unconstitutional.
Taxpayer is the owner of Block 668, Lot 8, which was assessed for the tax year 1980 as follows:
Land $ 350,000
Improvements 1,639,300
Total $ 1,989,300
On July 30, 1980 the taxpayer filed a complaint with the Tax Court under the direct appeal provisions of N.J.S.A. 54:3-21, permitting review by the Tax Court of an assessment in excess of $750,000 without a prior petition to the county board of taxation.
The affidavit of the tax collector filed with the motion states that at the time of the filing of taxpayer’s complaint “all taxes and/or installments thereof then due and payable for the tax year 1980 had not been paid.” Taxes for the entire year were paid “on or about” December 31, 1980. The affidavit is not controverted by the taxpayer.
Three separate statutory provisions are pertinent to the controversy between the parties.
1. N.J.S.A. 54:3 — 27 provides that a taxpayer who files an appeal with the county board of taxation from an assessment shall pay the taxing district no less than the first three quarters *442 of the taxes assessed for the current tax year “even though his petition to the county board of taxation might request a reduction in excess of one quarter of the taxes assessed for the full year.” (Emphasis supplied). Lecross Asso. v. City Partners, 168 N.J.Super. 96, 401 A.2d 1099 (App.Div.1979), certif. den. 81 N.J. 294, 405 A.2d 837 (1979), held that the failure to pay taxes was not jurisdictional, and the county board of taxation’s reduction in assessed valuation was valid. The court said that the statute was silent as to the time within which payment must be made. It concluded that it was obligatory for the municipality to safeguard its protected status by filing an appropriate defensive pleading or a motion to dismiss, or by the institution of tax foreclosure proceedings. In default of such action, the municipality had to forego the relief which the Legislature made available.
2. NJ.S.A. 54:2-39 provides, in its first paragraph, for review of a judgment of the county board of taxation by filing a complaint with the Tax Court.
The second paragraph provides that, “[a]t the time that a complaint has been filed with the Tax Court, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid.” (Emphasis supplied). The statute clearly states when payment “must” be made.
3. NJ.S.A. 54:3-21 provides that a complaint to review an assessment may be filed directly with the Tax Court if the assessed valuation of the property subject to the appeal exceeds $750,000.
There are no reported cases construing the latter two statutes.
The municipality argues that the direct appeal statute, N.J. S.A. 54:3-21, must be read in conjunction with NJ.S.A. 54:2-39 and that all taxes then due for the year under review must be paid at the time that a complaint has been filed in the Tax Court to review an assessment.
The taxpayer argues that the direct appeal statute is unrelated to NJ.S.A. 54:2-39 and that the latter statute only deals with *443 complaints filed in the Tax Court to review judgments of the county board of taxation. In the alternative, the taxpayer argues that if N.J.S.A. 54:2-39 is construed to require the prior payment of taxes due at the time a complaint has been filed with the Tax Court, the statute is unconstitutional as a deprivation of property without due process of law. This argument is based on N.J.S.A. 54:3-27.2 which provides for the payment of 5% interest on excess taxes in the event that a taxpayer is successful in an appeal from an assessment on real property. The taxpayer contends that 5% interest results in a taking of the taxpayer’s property without just compensation, in contravention of the Fifth and Fourteenth Amendments to the U.S. Constitution and Art. I, par. 20 of the N.J. Constitution because the statute does not provide for adequate compensation in view of current interest rates. Finally, plaintiff contends that the same interpretation given to N.J.S.A. 54:3-27 in the Lecross case must be given to N.J.S.A. 54:2-39 by the court so that the requirement for the payment of taxes is not jurisdictional and, since the taxes were paid prior to the filing of this motion, the motion must be denied.
Following oral argument on the motion for summary judgment the court directed counsel for plaintiff to notify the Attorney General of the challenge to the constitutionality of N.J.S.A. 54:2-39. The Attorney General was then granted leave to intervene under R. 4:28-4(d). He argues that the payment provision of N.J.S.A. 54:2-39 is constitutional based on the proposition that a state may require payment of a tax prior to an opportunity to litigate its correctness, citing N.Y., Susquehanna & W. R.R. v. Vermeulen, 44 N.J. 491, 210 A.2d 214 (1965).
In order to resolve this matter it is necessary to review the relationship among the pertinent statutory provisions and to consider their relation to the appeal process in local property tax matters.
It is fundamental that statutes cannot be considered in a vacuum. They must be understood in their relation and interaction with other laws which relate to the same subject or thing; they must be construed together with these related sections in order to learn and give effect to the true meaning, intent and purpose of the legislation as a whole. [Appeal of N.Y. State Realty & Terminal Co., 21 N.J. 90, 98, 121 A.2d 21 (1956); citations omitted]
*444 N.J.S.A. 54:3-21 is found in Subtitle 1, Chapter 3, Article 4, of Title 54 of the Revised Statutes. Subtitle 1 is entitled, “Department and Boards for the Review, Assessment and Collection of Taxes.” Chapter 3 is entitled, “County Boards of Taxation,” and Article 4 deals with “Appeals.” Section 54:3-21 deals with appeals from assessments by either the taxpayer or the taxing district and prescribes the procedure for filing a petition with the county board of taxation and the giving of notice of the petition to certain municipal officials. The section was amended by L. 1979, c. 113, § 1, effective to July 1, 1979, to provide that
... any such taxpayer or taxing district may on or before August 15 file a petition of appeal directly with the tax court, if the assessed valuation of the property subject to the appeal exceeds $750,000.00....
The result of the amendment is to permit either a taxpayer or a taxing district to bypass the county board of taxation and go directly to the Tax Court if the assessed valuation of the subject property exceeded $750,000.
N.J.S.A. 54:3-27 is also found in Subtitle 1, Chapter 3, Article 4. It provides for the payment of taxes when a taxpayer files an appeal with the county board of taxation, and is located with the statutory provisions dealing with appeals to the county board of taxation.
N.J.S.A. 54:2-39, dealing with appeals to the Tax Court, is found in Subtitle 1, Chapter 2, Article 3 of Title 54. Chapter 2 is entitled, “State Board of Tax Appeals.” Article 3 deals with “Appeal and Review.” Sections N.J.S.A. 54:2-1 through and including N.J.S.A. 54:2-32 have been repealed at various times, the most recent repealer being L. 1979, c. 114, § 15, effective July 1, 1979, which established the Tax Court. N.J.S.A. 2A:3A-1 et seq. Sections N.J.S.A. 54:2-33 through and including N.J.S.A. 54:2-43 under Article 3 remain in effect except as amended by L. 1979, c. 114, and except for the repeal of certain sections not relevant to the present matter. The first paragraph of N.J.S.A. 54:2-39 prescribes the manner by which a party dissatisfied with a judgment of a county board of taxation may seek review by providing for the filing of a complaint with the Tax Court, which shall hear and determine such matters. The second paragraph of the section provides that:
*445 At the time that a complaint has been filed with the Tax Court, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid.
The provision for the payment of taxes at the time a complaint has been filed with the Tax Court makes no distinction between complaints filed after judgments in the county board of taxation and complaints filed directly with the Tax Court when the county board of taxation has been bypassed at the option of the complaining party. Its location in that part of the statute dealing with review by the Tax Court emphasizes the legislative intent to deal in a consistent manner with any matter coming before the Tax Court that involves the review of assessments in local property tax matters.
The court concludes that the plain language of N.J.S.A. 54:2-39 requires that all taxes then due for the year for which review is sought must be paid at the time a complaint has been filed with the Tax Court and that the requirement is jurisdictional. The context of the statute, namely, those provisions dealing with appeal to and review by the Tax Court, supports such a determination. See Jamouneau v. Horner, 16 N.J. 500, 513, 109 A.2d 640 (1954).
Plaintiff contends that requiring it to pay its taxes in accordance with N.J.S.A. 54:2-39 results in an unconstitutional deprivation of property without due process of law because N.J.S.A. 54:3 — 27.2 only provides for 5% interest on the refund of taxes due a taxpayer who is successful in an appeal from an assessment on real property.
Plaintiff’s contention is based primarily on Judge Learned Hand’s opinion in Proctor and Gamble Distributing Co. v. Sherman, 2 F.2d 165 (S.D.N.Y.1924), and on Wayne Tp. v. Cassatly, 137 N.J.Super. 464, 349 A.2d 545 (App.Div.1975). Judge Hand held that a statutory provision which allowed the refund of an invalid tax payment without interest was not an adequate remedy at law and said:
While I have been referred to no decision on the point it seems to me plain that it is not an adequate remedy after taking away a man’s money as a condition of allowing him to contest his tax, merely to hand it back, when, no matter how long after, he establishes that he ought never to have been required to pay at all. *446 Whatever may have been our archaic notions about interest, in modern financial communities a dollar today is worth more than a dollar next year, and to ignore the interval as immaterial is to contradict well-settled beliefs about value. The present use of my money is itself a thing of value, and if I get no compensation for its loss, my remedy does not altogether right my wrong. [2 F.2d at 166]
In Cassatly the Appellate Division held that interest is regarded as part of a condemnee’s constitutional right to just compensation. The court proposed a standard to guide the trial judge in determining the rate of interest which would satisfy the constitutional requirement of just compensation and said:
Where, as here, the action has been pending for a substantial period of time in which the level of interest rates has been a changing phenomenon, a hearing should have been held during which expert evidence as to prevailing commercial and legal rates of interest would have been received.... After receiving evidence as to prevailing commercial interest rates, the prime rate or rates, and bearing in mind the applicable legal rates of interest, which should certainly be regarded as highly evidentiary (Jersey City v. O’Callaghan, 41 N.J.L. 349, 354 (E. & A. 1879), the judge should then select that rate or rates of interest which will best indemnify the condemnee.... [137 N.J.Super. at 474, 349 A.2d 545]
Adopting plaintiff’s contention would result in a conclusion that both N.J.S.A. 54:2-39 and N.J.S.A. 54:3-27 are unconstitutional because N.J.S.A. 54:2-27.2 provides for only 5% interest on refunds that may be due. Such a result is not required by our law.
The Legislature has determined that 5% is the amount of interest to be paid on refunds. Determinations by the Legislature “will be presumed to rest upon a rational basis ‘if there be any conceivable state of facts which would afford reasonable support for them.’ ” Harvey v. Essex Cty. Freeholder Bd., 30 N.J. 381, 390, 153 A.2d 10 (1959). Our courts recognize that “enforcing the collection of municipal taxes” involves an area “of special legislative concern, and judicial deference ought to be paid to the Legislature’s expression of public policy in this area.” New Shrewsbury v. Block 115, Lot 4, 74 N.J.Super. 1, 180 A.2d 387 (App.Div.1962); Garden State Racing Ass’n v. Cherry Hill Tp., 1 N.J.Tax 569 (Tax Ct. 1980). Confirming that concept is WHYY, Inc. v. Glassboro, 50 N.J. 6, 13, 231 A.2d 608 (1967), rev’d 393 U.S. 117, 89 S.Ct. 286, 21 L.Ed. 242 (1968), in which the court dealt with classification for purposes of taxation and concluded that the Legislature is given wide latitude in classify *447 ing for such purposes. The court also said that “[a]s long as the statute may be justified on any reasonable theory, the Legislature’s determination will be upheld.” WHYY, Inc. was cited with approval in Vornado, Inc. v. Hyland, 77 N.J. 347, 390 A.2d 606 (1978) in which our Supreme Court said that the heart of the statutory classification criterion was expressed in WHYY, Inc. and the reversal by the United States Supreme Court was not on any disagreement with the standard but on our Supreme Court’s application of the standard.
Any consideration of the constitutionality of a statute begins with the presumption that the Legislature acted with existing constitutional law in mind and intended the act to function in a constitutional manner. State v. Profaci, 56 N.J. 346, 266 A.2d 579 (1970); Lomarch Corp. v. Englewood, 51 N.J. 108, 237 A.2d 881 (1968); In re Loch Arbour, 25 N.J. 258, 135 A.2d 663 (1957). A statute will not be declared inoperative unless it is plainly in contravention of a constitutional mandate or prohibition and its repugnancy to the constitution is clear beyond a reasonable doubt. Gangemi v. Berry, 25 N.J. 1, 134 A.2d 1 (1957); Daly v. Daly, 21 N.J. 599, 123 A.2d 3 (1956). “To declare a statute unconstitutional is a judicial power to be delicately exercised.” Wilentz v. Hendrickson, 133 N.J.Eg. 447, 487, 33 A.2d 366 (Ch. 1943), aff’d 135 N.J.Eq. 244, 38 A.2d 199 (E. & A. 1944).
The leading case in New Jersey on the basic issue before the court is N.Y., Susquehanna and W.R.R. v. Vermeulen, supra, in which our Supreme Court stated that “due process does not forbid compulsion to pay taxes now and litigate later,” quoting from the United States Supreme Court in Taylor v. Secor, 92 U.S. 575, 23 L.Ed. 663, 673 (1876):
... It is a wise policy. It is founded in the simple philosophy derived from the experience of ages, that the payment of taxes has to be enforced by summary and stringent means against a reluctant and often adverse sentiment; and to do this successfully, other instrumentalities and other modes of procedure are necessary, than those which belong to courts of justice. [44 N.J. at 501, 210 A.2d 214]
The most recent affirmation of this is in General Trading Co. v. Taxation Div. Director, 83 N.J. 122, 129, 416 A.2d 37 (1980), in *448 which the court said, “We have no doubt that the Legislature may require a corporation ‘to pay taxes now and litigate later.’ ” The proposition is based on the reversed method for challenging tax assessments described in Bull, Ex’r. v. U.S., 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935):
Thus, the usual procedure for the collection of debts is reversed in the field of taxation. Payment precedes defense, and the burden of proof, normally on the claimant, is shifted to the taxpayer.... The ordinary defendant stands in judgment only after a hearing. The taxpayer often is afforded his hearing after judgment and after payment, and his only redress for unjust administrative action is the right to claim restitution, [at 259, 55 S.Ct. at 699]
This shifting of the burden of proof is embedded in New Jersey law.
In the county board of taxation a presumption is applied that the quantum of the municipal assessment is correct and the burden is on the taxpayer to prove otherwise. In the Division of Tax Appeals the presumption is that the valuation as revised by the county board is accurate... In this court the presumption is that the determination in the Division of Tax Appeals is sound and the burden is on the party attacking it to overcome that presumption. [Trenton v. John A. Roebling Sons Co., 24 N.J.Super. 213, 215, 216, 93 A.2d 785 (App.Div.1953); citations omitted]
“As the existence of government is a necessity, taxes are demanded and received in order for government to function.” Princeton Univ. Press v. Princeton Bor., 35 N.J. 209, 214, 172 A.2d 420 (1961). The government’s interest in the prompt receipt of such taxes may be promoted by statutes which require payment prior to appeal.
To give effect to the special legislative concern in the area of taxation, to the presumption of constitutionality, to the concept that due process does not forbid compulsion to pay taxes now and litigate later, and to the salutory proposition that the government’s interest in the prompt receipt of taxes can be promoted by statutes which require payment prior to appeal, the court concludes (1) that N.J.S.A. 54:3-27.2 is severable from N.J.S.A. 54:2-39 and even if the former statute is unconstitutional, it does not bring the latter statute down with it; and (2) the issue of the constitutionality of N.J.S.A. 54:3-27.2 need not and cannot in any event be determined at this time.
While neither Chapter 2 or 3 of Title 54 contains a severability clause, N.J.S.A. 1:1 — 10 provides:
*449 If any title, subtitle, chapter, article or section of the Revised Statutes, or of any statute or any provision thereof, shall be declared to be unconstitutional, invalid, or inoperative, in whole or in part, by a court of competent jurisdiction, such title, subtitle, chapter, article, section or provision shall, to the extent that it is not unconstitutional, invalid or inoperative, be enforced and effectuated, and no such determination shall be deemed to invalidate or make ineffectual the remaining titles, subtitles, chapters, articles, sections or provisions.
Even without a severability clause, a portion of a statute may be severed. In State v. Lanza, 27 N.J. 516, 143 A.2d 571 (1958), the Supreme Court stated:
. .. even if there be no such declaration of separability, an unconstitutional provision in a statute does not affect the validity of a separate article or clause of the enactment, if otherwise valid, unless the two are so intimately connected and mutually dependent as reasonably to sustain the hypothesis that the Legislature would not have adopted the one without the other. Where the principal object of the statute is constitutional, and the objectionable provision can be excised without substantial impairment of the general purpose, the statute is operative except insofar as it may contravene fundamental law. And the question is to be considered in the light of the settled principle that a permissible doubt as to validity is to be resolved in favor of the enactment, [at 528, 143 A.2d 571; emphasis supplied]
This court may “enforce severability where the invalid portion is independent and the remaining portion forms a complete act within itself.” Inganamort v. Fort Lee, 72 N.J. 412, 423, 371 A.2d 34 (1977).
The principal object of the statutes is to require payment at the time an appeal is filed. The provision requiring payment at the time a complaint has been filed and the provision requiring the payment of interest cannot be said to be so intimately connected and mutually dependent as reasonably to sustain the hypothesis that the Legislature would not have adopted the one without the other. The purpose of the statutes, to enable the government to function during appeals, would be carried out even if there were no provision allowing interest.
Arguably, if N.J.S.A. 54:3-27.2 were held unconstitutional no interest would be recoverable. Our courts have held that interest is not recoverable on a refund of an excess tax payment unless provided for by statute. Hahne Realty Corp. v. Newark, 119 N.J.L. 12, 194 A. 191 (E. & A., 1937); Universal C.I.T. Credit Corp. v. Paramus, 93 N.J.Super. 28, 224 A.2d 517 (App.Div.1966); 713 Co. v. Jersey City, 94 N.J.Super. 210, 227 A.2d 530 (Law Div. *450 1967). In these eases the courts relied on the voluntary nature of the pre-litigation tax payments for their decisions that the respective municipalities were not subject to the payment of interest from the date the taxpayer paid the over-assessment. For instance, the court in Hahne Realty Corp., after quoting from the pertinent statutory section, N.J.S.A. 54:3-27, L. 1918, c. 236, § 703, noted that the taxpayer was under no compulsion to pay the full amount of taxes assessed. The Legislature was held to have intended that no interest be paid. However, the Legislature has now indicated its intent that interest be paid on a refund. Under such circumstances, if a court were to find for plaintiff at a trial and conclude that the payment of a refund with 5% interest was a violation of due process, the statute would not fall. Our Supreme Court stated in N.Y., Susquehanna &c. W.R.R. v. Vermeulen, supra, 44 N.J. 491, 210 A.2d 214:
[I]f due process demands payment of interest, we would readily find the statutory refund credit includes the required allowance. ... In short, the statute would not fall on the that account, and this being so, the constitutional issue need not be resolved in this case, [at 503, 210 A.2d 214; citations omitted]
Judge Hand’s pronouncement in the Proctor and Gamble case would not require a different result. He spoke in terms of an adequate remedy at law, not in terms of unconstitutionality. If the remedy at law were inadequate and if the constitutionality of the statute might be saved by this court’s exercise of its equitable powers under N.J.S.A. 2A:3A — 4 and our Supreme Court’s pronouncement in the Vermeulen case, supra, the court could mold a judgment accordingly. 713 Co. v. Jersey City, supra. In the recent case of Rosewell v. LaSalle National Bank Trustee, 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981), the Supreme Court rejected the contention that federal equity practice viewed even a no-interest remedy as inadequate. The court stated that the early cases dealing with a no-interest refund were undercut by later cases. The court cited two of its own cases which, without expressly- addressing the issue, found adequate state refund remedies that apparently did not pay interest. Id. 450 U.S. at 524, n. 31, 101 S.Ct. at 1235, n. 31, 67 L.Ed.2d at 480, n. 31.
*451 Plaintiff has chosen not to pay the taxes due for the year under review at the time of filing its complaint; there is no way to determine if it would be entitled to a reduction, and the condition of the money market would be a matter of proof for plaintiff to present at the time it might become entitled to a refund. Accordingly, the court cannot determine the constitutionality of the provision for 5% interest on tax refunds. See Donadio v. Cunningham, 58 N.J. 309, 326, 277 A.2d 375 (1971). The Donadío rationale is particularly applicable to the present case. “[A] court should not reach and determine a constitutional issue unless absolutely imperative in the disposition of the litigation.” Id. at 325-326, 277 A.2d 375. The principal issue in that litigation was the validity of a building permit against claims of violation of the zoning ordinance. The projected use showed no ordinance violation. It was not known that there would be consumption of food on the subject premises. It was not “a necessary or foreordained result” that such consumption would violate the zoning ordinance requiring the court to deal with the constitutionality of the ordinance. Similarly, the plaintiff’s entitlement to interest is not “a necessary or foreordained result.”
The clerk of the Tax Court will enter a judgment dismissing the complaint.