190 N.J. Super. 63 (1983)
461 A.2d 1199
POWDER MILL I ASSOCIATES, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF HAMILTON (ATLANTIC COUNTY), DEFENDANT-RESPONDENT. POWDER MILL II ASSOCIATES, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF HAMILTON (ATLANTIC COUNTY), DEFENDANT-RESPONDENT. DOWEL ASSOCIATES, PLAINTIFF-APPELLANT,
v.
TOWN OF BLOOMFIELD, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 23, 1983.
Decided June 10, 1983.
*64 Before Judges BISCHOFF, J.H. COLEMAN and GAULKIN.
Harold A. Kuskin argued the cause for appellants Powder Mill I Associates and Powder Mill II Associates (Lasser, Hochman, Marcus, Guryan and Kuskin, attorneys).
Saul A. Wolfe argued the cause for appellant Dowel Associates (Skoloff & Wolfe, attorneys; Amster & Rosensweig, Daniel Amster and Nathan P. Wolf, on the brief).
Mark Biel argued the cause for respondent Township of Hamilton (Blatt, Mairone, Biel & Zlotnick, P.A., attorneys; Glenn E. Fuhrman, on the brief).
John A. Bukowski, Jr. argued the cause for respondent Town of Bloomfield.
Harry Haushalter, Deputy Attorney General, argued the cause for intervenor-respondent Attorney General of New Jersey (Irwin I. Kimmelman, Attorney General, pro se; James J. Ciancia, Assistant Attorney General, of counsel).
The opinion of the court was delivered by GAULKIN, J.A.D.
*65 These consolidated appeals raise common questions concerning the statutory obligation to make payment of real estate taxes pending an appeal of municipal assessments filed directly with the Tax Court.
Each of the plaintiffs filed a complaint in the Tax Court seeking reduction in the assessed valuation of its property for the year 1980. The complaints were filed directly with the Tax Court rather than the county tax board, pursuant to N.J.S.A. 54:3-21 which permits direct appeal to the Tax Court "if the assessed valuation of the property subject to the appeal exceeds $750,000.00 ..." Each plaintiff concedes that at the time of filing of its complaint certain taxes then due and payable for 1980 had not yet been paid. Each of the plaintiffs, however, paid the balance of 1980 taxes, together with accrued interest, while its complaint was pending before the Tax Court. In each of the cases the taxing district moved, after all 1980 taxes were fully paid, to dismiss the complaint for noncompliance with the following provision of N.J.S.A. 54:2-39:
At the time that a complaint has been filed with the Tax Court, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid. No interest shall be due and payable by the appellant for the period from November 1 of the current tax year to the date of filing of the complaint.
The Tax Court granted each motion and dismissed each complaint because each had been filed when all taxes then due and payable for 1980 had not been paid; its opinion in the first of the captioned matters is reported as Powder Mill I Assoc. v. Hamilton Tp., 3 N.J. Tax 439 (Tax Ct. 1981). Plaintiffs now appeal.
Plaintiffs urge here, as they did below, that N.J.S.A. 54:2-39 applies only if the complaint in the Tax Court seeks review of a judgment of the county tax board. Where the Tax Court action is a direct appeal from an assessment, plaintiffs argue that N.J.S.A. 54:3-27 should apply. That statute provides in relevant part:

*66 A taxpayer who shall file an appeal from an assessment against him shall pay to the collector of the taxing district no less than the first three quarters of the taxes assessed against him for the current tax year in the manner prescribed in R.S. 54:4-66 even though his petition to the county board of taxation might request a reduction in excess of one quarter of the taxes assessed for the full year....
Since every initial appeal from a municipal real estate tax assessment, whether to the county tax board or to the Tax Court, must be filed by August 15 of the tax year (N.J.S.A. 54:3-21) and the first three quarters of taxes are due and payable by August 1 (N.J.S.A. 54:4-66), the separate statutory provisions for payment pending appeal do not necessarily impose disparate obligations. The significance of the dispute in these proceedings as to which statute governs is that the Tax Court imposed a sanction for noncompliance with N.J.S.A. 54:2-39 which would not be available for noncompliance with N.J.S.A. 54:3-27.
In Lecross Assoc. v. City Partners, 168 N.J. Super. 96 (App. Div.), certif. den. 81 N.J. 294 (1979), this court considered the effect of a taxpayer's failure to pay taxes pending appeal to the county tax board, as required by N.J.S.A. 54:3-27.[1] We concluded that noncompliance with the statute did not deprive the county board of jurisdiction to decide the appeal on its merits because the statute did not disclose any purpose "to condition the power of the reviewing body to adjudicate upon the making of payment by the taxpayer." 168 N.J. Super. at 99. Rather, the taxpayer's obligation must be "crystallized by the municipality through the filing of an appropriate defensive pleading, a motion to dismiss, or even by the institution of tax foreclosure proceedings." Id. at 100. Implicit in that holding is that payment of the taxes after filing of the appeal but before hearing of a motion to dismiss may defeat the motion.
*67 In each of the proceedings here under review, however, the Tax Court found that N.J.S.A. 54:2-39 applied and that noncompliance with that statute deprived the court of jurisdiction. As stated in Powder Mill I, supra,
The court concludes that the plain language of N.J.S.A. 54:2-39 requires that all taxes then due for the year for which review is sought must be paid at the time a complaint has been filed with the Tax Court and that the requirement is jurisdictional. [3 N.J. Tax at 445.]
The Tax Court reasoned that payment of the required taxes during the pendency of the action did not cure the jurisdictional flaw, and it accordingly dismissed the complaints.
We find it unnecessary to determine the correctness of the Tax Court's interpretation of N.J.S.A. 54:2-39 since we find that the section does not apply to direct appeals to the Tax Court from municipal assessments which exceed $750,000. The statute carries the heading "Review of judgment of county board" and includes three paragraphs, the first and third of which clearly apply only to Tax Court proceedings to review judgments of county tax boards. The first paragraph of N.J.S.A. 54:2-39 as it existed at all times relevant to these proceedings[2] granted any party "dissatisfied with the judgment of the county board of taxation" the right to "seek review of that judgment in the Tax Court"; the third paragraph provided that "there shall be no review" if the Tax Court determines that the appeal to the county board has been withdrawn, dismissed for failure to prosecute or settled by mutual consent. The second paragraph, at issue here, is facially ambiguous. As already recited, it provides that all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid "at the time that a complaint has been filed with the Tax Court." That provision does not specifically include or exclude complaints which directly appeal municipal assessments. The Tax Court recognized the ambiguity and resolved it by concluding, *68 as stated in Powder Mill I, supra, that the location of the provision "in that part of the statute dealing with review by the Tax Court emphasizes the legislative intent to deal in a consistent manner with any matter coming before the Tax Court that involves the review of assessment in local property tax matters." 3 N.J. Tax at 445.
The history of N.J.S.A. 54:2-39 does not support this reading of the legislative intent. As originally adopted, the statute governed appeals to the Division of Tax Appeals, which had authority to review real estate tax assessments only on appeal from judgments of county tax boards. See Hackensack Water Co. v. Div. of Tax Appeals, 2 N.J. 157, 165-166 (1949); Woodstown Bor. v. Lower Alloways Creek Tp., 124 N.J. Super. 347, 352-354 (App.Div. 1973), certif. den. 64 N.J. 154 (1973). The second paragraph of N.J.S.A. 54:2-39, fixing the obligation to pay taxes pending appeal, was introduced by L. 1977, c. 357, § 2, effective January 31, 1978, at which time the Division of Tax Appeals lacked original jurisdiction over real estate assessments. The Tax Court was thereafter created by L. 1978, c. 33, § 1 (N.J.S.A. 2A:3A-1 et seq.) and assumed the jurisdiction of the Division of Tax Appeals (N.J.S.A. 2A:3A-27). But it was not until the enactment of L. 1979, c. 113, § 1, effective July 1, 1979 (N.J.S.A. 54:3-21), that the Tax Court was given original jurisdiction to review municipal assessments in excess of $750,000. The second paragraph of N.J.S.A. 54:2-39 was not amended after that expansion of Tax Court jurisdiction except in certain technical respects. See L. 1979, c. 114, § 6; L. 1979, c. 499, § 16.
Since the tax payment obligation of N.J.S.A. 54:2-39 was enacted when the Tax Court did not exist and its predecessor Division of Tax Appeals had no jurisdiction to hear direct appeals of municipal real estate assessments, we find no basis to conclude that the Legislature intended that provision to apply to any direct appeal. Nor can we conclude that the Legislature intended or expected that its later grant of original jurisdiction to the Tax Court would permit N.J.S.A. 54:2-39 to be invoked *69 on a direct appeal. The only expression of legislative intent is in fact directly to the contrary.
By L. 1983, c. 45, approved January 28, 1983, the Legislature made what the Senate Review, Finance and Appropriations Committee Statement described as "numerous technical changes" and "a more logical arrangement of the sections which are being revised." A new Chapter 51A was added to Title 54, entitled "Appeals to the Tax Court." N.J.S.A. 54:2-39 was repealed in its entirety and was replaced by N.J.S.A. 54:51A-1, entitled "Review of judgment, action or determination of county board of taxation," which again grants review in the Tax Court of any determination of the county tax board (N.J.S.A. 54:51A-1(a)) except where the appeal to the county board was withdrawn, dismissed for failure to prosecute or settled by mutual consent (N.J.S.A. 54:51A-1(c)). The second paragraph of N.J.S.A. 54:2-39 was replaced by N.J.S.A. 54:51A-1(b), which resolves the ambiguity in the prior language:
At the time that a complaint has been filed with the Tax Court seeking review of judgment of county tax boards, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid. [N.J.S.A. 54:51A-1(b) (emphasis supplied).]
Just more than a year after it was limned in Powder Mill I, the ambiguity was thus eliminated by the Legislature as part of a group of "technical changes." We find it "wholly reasonable to believe that the purpose of the latest enactments was to clarify the Legislature's position on the matter." Berkeley Heights Tp. v. Bd. of Ed., 23 N.J. 276, 281 (1957); see also Matawan Bor. v. Monmouth Cty. Tax. Bd., 51 N.J. 291, 299 (1968); Wood v. Wood, 160 N.J. Super. 597, 602 (App.Div. 1978).
We therefore conclude that neither N.J.S.A. 54:2-39 nor N.J.S.A. 54:51A-1 applies to direct appeals filed in the Tax Court from municipal assessments under N.J.S.A. 54:3-21. A taxpayer electing to appeal a municipal assessment directly to the Tax Court is subject, rather, to the payment obligation imposed by N.J.S.A. 54:3-27 upon "a taxpayer who shall file an appeal from an assessment against him." That statute admittedly provides *70 that the taxpayer is so obligated "even though his petition to the county board of taxation might request a reduction in excess of one quarter of the taxes assessed for the full year." But plaintiffs acknowledge, and we agree, that that explanatory clause cannot fairly be read as expressing a legislative intent that only a taxpayer filing an appeal to the county board is required by N.J.S.A. 54:3-27 to pay taxes pending appeal. The clause does not limit or condition, but rather affirms, the generality of the obligation imposed on "a taxpayer" to pay taxes pending appeal. More to the point, however, is the fact that the language of N.J.S.A. 54:3-27 predates the original jurisdiction granted to the Tax Court by L. 1979, c. 113. Having concluded that the Legislature did not intend N.J.S.A. 54:2-39 to apply to direct appeals, we have no doubt that to read N.J.S.A. 54:3-27 as applying to taxpayers who file direct appeals in the Tax Court reaches the result probably intended had the draftsperson anticipated the situation at hand. See N.J. Builders, Owners & Managers Assoc. v. Blair, 60 N.J. 330, 338-339 (1972); Dvorkin v. Dover Tp., 29 N.J. 303, 315 (1959).
Since plaintiffs in these actions were subject to the provisions of N.J.S.A. 54:3-27, their noncompliance therewith is governed by Lecross Assoc. v. City Partners, supra. The Tax Court had jurisdiction to consider the complaints notwithstanding plaintiffs' failure to make the required payment of taxes. Although the actions were properly subject to a motion to dismiss for noncompliance with the statute, in each of the cases all required taxes had in fact been paid before the dismissal motion was heard. Upon those showings that the statutory requirements had been satisfied, the Tax Court had no continuing warrant to dismiss any of the complaints.
In light of our holding, we need not address the remaining issues raised by plaintiffs concerning the constitutionality of N.J.S.A. 54:2-39 as interpreted by the Tax Court and we express no opinion as to the discussion or resolution of those issues in the Powder Mill I opinion reported below.
*71 The judgment entered in each of the cases under review is reversed and each of the matters is remanded to the Tax Court for further proceedings consistent with this opinion.
NOTES
[1] The statute then provided that pending appeal a taxpayer "shall pay to the collector of the taxing district no less than 90% of the taxes assessed against him ..."; the ninety percent figure was replaced with "the first three quarters" by L. 1977, c. 357, § 1, effective January 31, 1978.
[2] As discussed later in this opinion, N.J.S.A. 54:2-39 was later repealed by L. 1983, c. 45, effective January 28, 1983.