HAMILL, J.T.C.
In this local property tax matter, I rendered an opinion from the bench on July 8, 1993, granting defendant township’s motion to dismiss plaintiff’s complaint for nonpayment of taxes pursuant to N.J.S.A 54:3-27. Judgments pertaining to the various lots were issued on July 23 and July 26, 1993. Plaintiff filed a notice of appeal on September 1,1993. Pursuant to R. 2:5-1 this opinion supplements my prior oral opinion.
The complaint, filed on March 31, 1993, challenges the assessment for the 1993 tax year on 14 contiguous parcels of real property located in the Township of Manalapan. Several of the lots were assessed at amounts exceeding $750,000. Accordingly, the complaint was filed directly with the Tax Court, bypassing the county board of taxation. N.J.S.A. 54:3-21; R. 8:3-5(a)(3). On May 17, 1993, defendant township filed a motion to dismiss the complaint for nonpayment of taxes pursuant to N.J.SA. 54:3-27. The motion was supported by a certification of the township’s tax collector that the taxes on the various parcels were outstanding for the 1991 and 1992 tax years and for the first quarter of 1993. In opposing defendant’s motion, plaintiff argues that the requirement in N.J.S.A 54:3-27 that a portion of the taxes be paid “in the manner prescribed in R.S. 54:4-66” remits a taxing district to its remedies for the nonpayment of taxes in the manner prescribed by N.J.SA 54:4r-66. According to plaintiff, these remedies are limited to the imposition of interest pursuant to N.J.S.A 54:4-67 and a tax sale of the delinquent property pursuant to the Tax Sale Law, N.J.SA 54:5-1 et seq.
In support of its argument that the complaint should be dismissed, defendant relies upon Powder Mill I Assocs. v. Hamilton Tp., 190 N.J.Super. 63, 461 A.2d 1199 (App.Div.1983); Lecross Assocs. v. City Partners, 168 N.J.Super. 96, 401 A.2d 1099 (App. Div.), certif. denied, 81 N.J. 294, 405 A.2d 837 (1979); Jefferson-Halsey Roads Assocs., L.P. v. Parsippany-Troy Hills Tp., 13 N.J. Tax 138 (App.Div.1993); Stewart v. Hamilton Tp., 7 N.J. Tax 368 (Tax 1985); Farrell v. Atlantic City, 10 N.J. Tax 336 (Tax 1989); Rt. 88 Office Assoc. Ltd. v. Brick Tp., 13 N.J. Tax 14 (Tax 1992).
*332 Plaintiff responds that none of these cases considers the implication of the reference to N.J.S.A 54:4-66, that some of the eases involve the tax-payment provision of N.J.SA 54:2-39 (repealed), now N.J.S.A 54:51A-l(b) (involving appeals from the county board), and that the cases either do not expressly mandate dismissal as a remedy or, if they do, are wrongly decided. During oral argument, plaintiff added that the purpose of the 1975 amendment to N.J.SA 54:3-27, which made payment of a portion of the taxes mandatory by a taxpayer filing an appeal, was to enable the municipality to sell a tax sale certificate if the taxes were not paid. This remedy was unavailable under prior law when a taxpayer could choose what portion of the taxes he would pay. Had the Legislature intended dismissal of the complaint as an appropriate remedy, according to plaintiff, it would have said so.
For the year in question, N.J.SA 54:3-27 provided as pertinent here:
A taxpayer who shall file an appeal from an assessment against him shall pay to the collector of the taxing district no less than the total of all taxes and municipal charges due, up to and including the first quarter of the taxes and municipal charges assessed against him for the current tax year in the manner prescribed in R.S. 54:4-66.
The ordinary meaning of the phrase “in the manner prescribed by R.S. 54:4-66” is that N.J.S.A 54:4-66 states the way in which the taxes are to be paid. The way in which the taxes are to be paid is in four installments on February 1, May 1, August 1, and November 1. N.J.SA 54:4^66a. Additionally, each of the first two installments is to equal one-quarter of the total tax due for the preceding year, and the two final installments are to equal the amount due for the current year less the amount paid in the first two installments. N.J.S.A 54:4-66c. No other manner of payment is specified in N.J.SA 54:4-66. The fact that N.J.S.A 54:4-66b may provide that penalties will accrue on delinquent taxes does not relate to the manner in which taxes are to be paid but rather to a remedy for delinquent taxes. Thus, the statutory language does not support plaintiffs argument that dismissal of • the complaint is an inappropriate sanction.
*333 Plaintiff correctly notes that in 1975 the Legislature amended N.J.S.A. 54:3-27 to make the payment of taxes in a stated amount mandatory upon the filing of an appeal. The Senate Revenue, Finance and Appropriations Committee statement to the bill, quoted at length in Lecross Assocs. v. City Partners, supra, 168 N.J.Super. at 98-99, 401 A.2d 1099, contains the following language:
The existing provisions of the appeal process with regard to payment of taxes are amended to require the payment of 90 percent of taxes assessed against a taxpayer as a prereuqisite [sic] to an appeal.
[emphasis supplied].
and further:
It is necessary, in establishing the requirement of tax payments as a prerequisite to appeal, to [repeal certain other provisions].
[emphasis supplied].
Clearly, the Legislature viewed the amended tax-payment requirement as establishing a precondition or prerequisite to an appeal, and not simply as a mechanism permitting a municipality to sell a tax sale certificate in order to recover delinquent taxes.
Plaintiff is correct that the 1975 amendment had the effect of permitting a municipality to sell a tax sale certificate during the pendency of an appeal. As the court in Lecross Assocs. points out, 168 N.J.Super. at 98, 401 A.2d 1099, under prior law, when a taxpayer appealing the assessment could pay whatever amount it chose, the municipality was generally barred from foreclosing pending disposition of the tax appeal. With the 1975 amendment making payment of 90% of the taxes mandatory, the statute no longer permits a taxpayer to both appeal and refuse to pay the contested amount. This does not, however, lead to the conclusion plaintiff draws that the only remedies for failing to pay the taxes are the accrual of interest and a tax sale. The legislative history of the 1975 amendment, quoted above, is directly to the contrary. Failure to comply with the “prerequisite to an appeal,” namely the payment of taxes, leads to the conclusion that an appeal has not *334 been properly instituted and dismissal of the complaint becomes an appropriate sanction.
This conclusion is buttressed by the fact that a tax appeal is a statutory cause of action, and thus compliance with the statutory terms creating the right to file the appeal is mandatory. Schneider v. East Orange, 196 N.J.Super. 587, 592, 483 A.2d 839 (App.Div. 1984), aff'd o.b., 103 N.J. 115, 510 A.2d 1118, cert. dented, 479 U.S. 824, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986); F.M.C. Stores Co. v. Morris Plains Bor., 100 N.J. 418, 424, 495 A.2d 1313 (1985); General Trading Co., Inc. v. Director, Div. of Taxation, 83 N.J. 122, 127, 416 A.2d 37 (1980); Newark v. Fischer, 3 N.J. 488, 493, 70 A.2d 733 (1950); Danis v. Middlesex County Bd. of Taxation, 113 N.J.Super. 6, 10, 272 A.2d 542 (App.Div.1971). Failure to comply with the statutory criteria for maintaining the appeal, e.g., the statute of limitations contained in N.J.S.A. 54:51A-9 or the tax-payment requirement on an appeal from the county board, N.J.S.A. 54:51A-lb, is often viewed as defeating the subject matter jurisdiction of the Tax Court. See, e.g., Royal Bradley Assoc. v. Bradley Beach Bor., 252 N.J.Super. 401, 403-04, 599 A.2d 1288 (App.Div.1991) (quoting 18 Washington Place Assoc. v. Newark, 8 N.J.Tax 608, 614 (Tax 1986)); Schneider v. East Orange, supra, 196 N.J.Super. at 592, 483 A.2d 839.
On the other hand, “not ‘every procedural omission rises to the-level of a fatal defect in subject matter jurisdiction’____” F.M.C. Stores Co. v. Morris Plains Bor., 195 N.J.Super. 373, 381, 479 A.2d 435 (App.Div.1984), aff'd, 100 N.J. 418, 495 A.2d 1313 (1985) (quoting General Trading Co., Inc. v. Director, Div. of Taxation, supra). For example, where the failure to pay taxes on an appeal from the county board is not raised until after a judgment on the merits has been entered, failure to comply with the tax-payment requirement has been viewed as gwm-jurisdietional. See Farrell v. Atlantic City, supra. In addition, although N.J.S.A 54:3-27 requires that “a taxpayer who shall file an appeal” must pay a specified portion of the taxes, in Lecross Assocs., supra, the Appellate Division held that, where the issue of nonpayment of taxes is not raised at the county board, the failure is not a *335 jurisdictional defect such as to invalidate the board’s judgment. A municipality may thus waive the defense by not raising it, and in this event the judgment of the tribunal is not void.[1]
Whether viewed as affecting the court’s subject matter jurisdiction, as a gwasi-jurisdictional defect, or as jurisdictional only when crystallized by a municipality’s raising the issue of nonpayment, it is clear that N.J.S.A. 54:3-27 requires that a specified portion of the taxes be paid in order to maintain a tax appeal. As made clear by F.M.C. Stores Co., supra, since the right to appeal is prescribed by statute, all statutory requirements must be met in in order to maintain the appeal. 100 N.J. at 424, 495 A.2d 1313. Payment of taxes is as much a part of the statutory cause of action as is compliance with the statute of limitations for filing a tax appeal in the Tax Court.
The pertinent cases confirm that dismissal of the complaint is the appropriate sanction for failure to pay taxes pursuant to N.J.S.A. 54:3-27. In Lecross Assocs. v. City Partners, supra, the Appellate Division concluded that the failure to pay taxes on an appeal to the county board was not jurisdictional because the Legislature did not intend to condition the power of the county board to adjudicate the matter on the payment of taxes, at least until the municipality took some action such as filing a motion to dismiss the complaint. Lecross Assocs., supra, 168 N.J.Super. at 100, 401 A.2d 1099. Clearly, the court contemplated that a failure *336 to pay taxes was amenable to a motion to dismiss once a municipality raised the issue.
Four years later, in Powder Mill I Assocs. v. Hamilton Tp., supra, the Appellate Division concluded that, on a direct appeal to the Tax Court, the applicable tax payment requirement is set forth in N.J.S.A 54:3-27, not N.J.S.A 54:2-39. The distinction was significant because the taxpayers had failed to pay their taxes at the time their complaints were filed in the Tax Court, which would have been a noncurable jurisdictional defect under N.J.S.A. 54:2-39. See Schneider v. East Orange, supra, 196 N.J.Super. at 592-93, 483 A.2d 839. After the complaints were filed, the taxpayers paid the taxes. Relying on the holding in Lecross Assocs. that the tax payment requirement of N.J.S.A 54:3-27 is not jurisdictional, the Appellate Division held that, “payment of the taxes after filing of the appeal but before hearing of a motion to dismiss may defeat the motion.” Powder Mill I Assocs., supra, 190 N.J.Super. at 66, 461 A.2d 1199. Again, the Appellate Division plainly sanctioned the filing of a motion to dismiss the complaint for nonpayment of taxes under N.J.S.A 54:3-27.
Four years after Powder Mill I Assocs., in Essex Cty. v. East Orange, 214 N.J.Super. 568, 520 A.2d 788 (App.Div.), certif. denied, 107 N.J. 120, 526 A.2d 189 (1987), the court again sanctioned dismissal of the complaint as the appropriate remedy for nonpayment of taxes on a direct appeal pursuant to N. J.S.A 54:3-27. In that case, the Tax Court had dismissed the complaint for nonpayment of taxes but had relied on N.J.S.A 54:2-39 because, prior to the decision in Powder Mill I Assocs., supra, it was thought that the applicable statute governing the payment of taxes on a direct appeal was N.J.S.A 54:2-39 rather than N.J.S.A. 54:3-27. The Appellate Division sustained the dismissal even though it had been granted under the wrong statute and held that the complaint should not subsequently have been reinstated. County of Essex, supra, 214 N.J.Super. at 574, 520 A.2d 788. Again, dismissal of the complaint was deemed to be the correct response on a direct appeal when the municipality raises the issue of the taxpayer’s nonpayment of taxes.
*337 More recently, in Rt. 88 Office Assoc. Ltd. v. Brick Tp., supra, the Tax Court dealt with a motion to dismiss the complaint under the most recent amendment of N.J.S.A 54:3-27. In opposing the township’s motion, the taxpayer argued that, despite the amendment to N.J.S.A. 54:3-27 requiring the payment of all taxes “up to and including the first quarter of the taxes ... for the current tax year ...” there was no requirement to pay anything more than the first quarter of the current year’s taxes. Finding that the statute was clear on its face, Judge Rimm granted the township’s motion to dismiss the complaint. In so doing, he reasoned that one of the purposes of the 1991 amendment was to “require the payment of back taxes by taxpayers who wish to maintain local property tax appeals to aid municipalities in the collection of such back taxes.” Id. at 21. Moreover:
The payment of taxes is made a requirement for the filing of a tax appeal not because the payment or nonpayment of taxes has a bearing on the amount of the assessment, but to ensure that the flow of municipal revenues will not be interrupted by the filing of tax appeals.

[Ibid.]

Thus, dismissal of the appeal was “intended to provide to municipalities another tool for effecting the collection of delinquent taxes.” Id. at 22.
In sum, both the Appellate Division and the Tax Court have indicated that dismissal of the complaint is the appropriate sanction for nonpayment of taxes on a direct appeal to the Tax Court. As Judge Rimm cogently reasoned in Route 88 Office Assoc. Ltd., supra, the purpose of N.J.S.A 54:3-27 is to provide municipalities •with another tool for ensuring the collection of delinquent local property taxes. Plaintiffs reading of the statute as giving municipalities no more than the tools they already possess, namely imposition of interest and tax foreclosure, ultimately makes no sense. Under the earliest version of N.J.S.A 54:3-27, a taxpayer who filed a tax appeal was permitted to pay only that portion of the taxes that would be due if he were successful on the appeal, and during the pendency of the appeal a municipality could not pursue tax foreclosure proceedings. Lecross Assoc., supra, 168 N.J.Super. at 98, 401 A.2d 1099. If the Legislature had intended *338 to limit a municipality’s collection remedies to a tax foreclosure sale, it could simply have repealed N.J.S.A. 54:3-27. There would then have been no provision dealing specifically with tax payments pending an appeal. With no specific statute in place, a municipality would have been left to its existing remedies, the accrual of interest and tax foreclosure proceedings. Instead, in 1975, the Legislature amended N.J.S.A 54:3-27 to make payment of 90% of the taxes mandatory. The intent must therefore have been to provide an alternative tool for the collection of delinquent taxes, namely dismissal of the tax appeal.
One last point should be mentioned. In its responsive papers, plaintiff raised the possibility of a taxpayer who, while not indigent, could not pay an egregious assessment. During oral argument, plaintiffs counsel advised that plaintiff could not at the moment pay the taxes although it was not in bankruptcy and counsel did not know whether it was solvent in the sense of having income exceeding its expenses. Counsel had no reason to believe that the assessment was arbitrary and did not know, prior to obtaining an appraisal, whether the assessment was egregious. In the absence of any forceful argument or factual presentation that plaintiff is indigent or that the assessment was egregious or made in bad faith, there is no reason to address the issue of the tax-payment requirement in such eases. The complaint pertains to 14 contiguous parcels, including one assessed at approximately two million dollars and another at slightly less than four million dollars. It would seem highly unlikely that a taxpayer with assets of this magnitude could be considered indigent in a constitutional sense. See Jefferson-Halsey Roads Assoc., L.P. v. Parsippany-Troy Hills Tp., supra; New York, Susquehannah and W.R.R. Co. v. Vermeulen, 44 N.J. 491, 501-03, 210 A.2d 214 (1965); McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, 496 U.S. 18, 37, 110 S.Ct. 2238, 2250-51, 110 L.Ed.2d 17, 36 (1990).
For the foregoing reasons and those set forth on the record on July 8, 1993, a judgment dismissing the complaint was entered on July 26, 1993.

 Comment e to section 11 of the Restatement (Second) of Judgments (1982) suggests that what may be labeled as affecting the subject matter jurisdiction of a court may also be viewed as merely a procedural defect depending upon the circumstances. Section 12 of the Restatement indicates that, once a judgment has been rendered in a contested matter, the judgment precludes subsequent litigation concerning the court’s subject matter jurisdiction. Comments a and c to section 12 explain that in the latter circumstance the need for finality may outweigh concern for the authority of the court in the first instance. Both Farrell, supra, and Lecross Assocs., supra, involved situations where the jurisdiction of the tribunal was not questioned until a judgment had been entered, thus bringing into play the competing need for finality. What might have been viewed in other circumstances as a lack of subject matter jurisdiction thus invalidating the judgment of the tribunal was viewed instead as a quasi-jurisdictional or procedural defect.