CRABTREE, J.T.C.
Plaintiffs complaints in these cases seek direct review of the 1992, 1993 and 1994 assessments on plaintiffs property located at 75 Caven Point Road, Jersey City, New Jersey (Block 1494, Lot PL.B.). Defendant moves to dismiss those complaints for failure to pay taxes for 1992,1993 and 1994, pursuant to N.J.S.A 54:3-27, which provides, pertinently:
A taxpayer who shall file an appeal from an assessment against him shall pay to the collector of the taxing district no less than the total of all taxes and municipal charges due, up to and including the first quarter of the taxes and municipal charges assessed against him for the current tax year in the manner prescribed in R.S. 54:4-66....
Cases have consistently held that dismissal is the appropriate sanction for a taxpayer’s failure to comply with the mandate of N.J.S.A. 54:3-27, that taxes be paid as a condition precedent to judicial review of property tax assessments. Jos. L. Muscarelle Dev. Co., Inc. v. Manalapan Tp., 13 N.J.Tax 330 (Tax 1993), aff'd per curiam, — N.J.Tax-(App.Div.1994); Rt. 88 Office Assoc. *484 Ltd. v. Brick Tp., 13 N.J.Tax 14 (Tax 1992). Cf. Jefferson-Halsey Roads Assocs. v. Parsippany-Troy Hills Tp., 13 N.J.Tax 138 (App.Div.1993) appeal dismissed, 135 N.J. 298, 639 A.2d 299 (1994) (tax payment requirement of N.J.S.A 54:3-27 as condition precedent to judicial review not violative of constitutional due process).
The facts are not in dispute.
Plaintiff failed to pay taxes for 1991,1992,1993 and the first two quarters of 1994. The property was put up for tax sale and a lien was issued on February 4, 1993; as there was no third party purchaser at that time, defendant became the owner of the lien. On June 30, 1994, the lien was assigned to Bankers Trust Company, to whom a tax sale certificate was issued. Bankers Trust paid $180,908.48 for the certificate, which included taxes for 1991, 1992 and 1993, as well as the first two quarters of 1994, plus interest.
Defendant’s motion to dismiss the complaints for 1992,1993 and 1994 was filed September 28, 1994.
It is now well settled that the purchase of a tax sale certificate by a third party, prior to a taxing district’s motion to dismiss, satisfies the tax payment requirement of N.J.S.A 54:3-27. Echelon Glen Coop., Inc. v. Voorhees Tp., 275 N.J.Super. 441, 646 A.2d 498 (App.Div.), certif. denied, 138 N.J. 272, 649 A.2d 1291 (1994); Freehold Office Park v. Freehold Tp., 12 N.J.Tax 433 (Tax 1992). In the cases before the court, the tax sale certificate was sold before defendant filed its motion to dismiss for nonpayment of taxes.
Defendant argues, however, that the principle declared in Echelon Glen and Freehold Office Park, that the purchase of a tax sale certificate constitutes payment of the tax and thus satisfies the requirement of N.J.S.A. 54:3-27 has been overruled by L. 1994, c. 32, approved May 12, 1994, which amends N.J.SA 54A-66(a) and -67. Section 3 of L.1994, c. 32, amends N.J.S.A 54:4-66(a) to read as follows:
Taxes shall be payable the first installment as hereinafter provided on February first, the second installment on May first, the third installment on August first and the fourth installment on November first, after which dates if unpaid, they shall become delinquent and remain delinquent until such time as all unpaid taxes, *485 including taxes and other liens subsequently due and unpaid, together -with interest have been fully paid and satisfied____
[Amended portion underscored]
Section 4 of L.1994, c. 32 amends N.J.S.A 54:4-67 in part to read as follows:
“Delinquency” means the sum of all taxes and municipal charges due on a given parcel of property covering any number of quarters or years. The property shall remain delinquent, as defined herein, until such time as all unpaid taxes, including subsequent taxes and liens, together with interest thereon shall have been fully paid and satisfied. The delinquency shall remain notwithstanding the issuance of a certificate of sale pursuant to R.S. 64:5-32 and B.S. 54:5-46 ____
[Amended portion underscored]
Section 18 of L.1994, c. 32, provides: “This act shall take effect immediately.”
According to the certification of defendant’s tax collector, a lien was created on the subject property for the unpaid 1991 taxes; Lien No. 152860 was issued on February 4, 1993. When there was no purchaser, defendant acquired the tax sale certificate which was sold at private sale, pursuant to N.J.S.A 54:5-113, to Bankers Trust Company on June 30, 1994. The certificate covered taxes for the years 1991, 1992, 1993 and the first two quarters of 1994. The complaints were filed March 13, 1992 for tax year 1992, February 22, 1993 for tax year 1993 and February 24, 1994 for tax year 1994. As the taxes were not paid for any of the years covered by the complaints, defendant had ample opportunity, before the property was listed for tax sale, to file a motion to dismiss each complaint for failure to comply with N.J.S.A 54:3-27.
Defendant argues that the provision in N.J.S.A 54:4 — 67, as amended by L.1994, c. 32, declaring that delinquency in payment of taxes continues notwithstanding the issuance of a tax sale certificate must necessarily be incorporated by reference in N.J.S.A 54:3-27, which requires payment of all taxes for prior as well as current years in order to maintain a direct appeal to the Tax Court.
There is no reference, however, to N.J.S.A 54:3-27 in the amendatory legislation. There is only a vague allusion in the *486 Statement of the Assembly Local Government Committee accompanying Assembly Bill No. 936, subsequently enacted as L.1994, c. 32, to the effect that several of the amendments are in response to “various federal and state court actions concerning New Jersey’s current municipal tax sale procedures.” Those decisions are identified neither by name nor by subject matter. Nothing in the amendatory enactment or in the Committee Statement mentions the relationship, if any there be, between the act’s definition of delinquency and the tax payment requirement of N.J.S.A. 54:3-27.
Defendant, in its brief, refers to a telephone conversation in which the alleged author of the legislation told defendant’s counsel that the purpose of the act was to “clean up the confusion caused by several courts regarding the requirement for payment of taxes under N.J.S.A 54:3-27 as a precondition to maintaining a tax appeal.” While a sponsor’s or draftsman’s statement accompanying a legislative bill is an extrinsic aid in construing a statute, a court must exercise its considered judgment in determining the probative weight to be attached to it. Deaney v. Linen Thread Co., 19 N.J. 578, 585, 118 A.2d 28 (1955). Here, the draftsman’s statement was not in writing, nor was it offered at a legislative hearing in an environment conducive to examination by committee members or interested persons from the general public. Moreover, there is nothing in this record to indicate that the Legislature relied upon the draftsman’s statement in the enactment of the legislation.
Thus, I give the statement no weight.
Accordingly, I conclude that, while the Committee Statement accompanying the bill subsequently enacted as L.1994, c. 32 states the several purposes of the amendments incorporated in the act, none of those stated purposes deals "with the tax payment requirement of N.J.S.A 54:3-27. More specifically, while the act and the Committee Statement both.indicate that delinquency in tax payments is unaffected by tax sales, neither the act nor the Statement relate that delinquency provision to the tax payment requirement of N.J.S.A 54:3-27. More specifically, while the act *487 and the Committee Statement both indicate that delinquency in tax payments is unaffected by tax sales, neither the act nor the Statement relate that delinquency provision to the tax payment requirement of N.J.S.A 54:3-27.
Defendant’s motion will be denied. Plaintiffs counsel will submit the appropriate order.