PER CURIAM.
This appeal is before us following a remand to the Tax Court for further findings and conclusions concerning the court’s decision in favor of the taxpayer in this case. The facts underlying the appeal are detailed in our earlier decision, Lenal Properties, Inc. v. City of Jersey City, A-2205-97 (Dec. 3, 1998) and need not be repeated here. We remanded the matter to the Tax Court for an explanation as to why it had not mentioned the presumption of correctness that attaches to the quantum of the assessment made by the tax assessor of the property at issue in this ease. See Pantasote Co. v. City of Passaic, 100 N.J. 408, 412, 495 A.2d 1308 (1985). We were also concerned with the court’s unexplained use of certain sales comparables to “temper” the income approach it utilized in reaching its independent assessment of true value, and we directed the court to explain its use of that evidence in light of its criticism of the comparables. Lastly, we requested amplification of its use of plaintiffs unadjusted lease comparables to arrive at a true value for the property.
Our mandate to the trial court was to explicate its decision so that we could evaluate first whether the evidence in the record was sufficient to overcome the presumption of validity, and second whether the evidence was sufficient to support the Tax Court’s determination of true value in arriving at the correct assessments.
As a threshold matter, we observe the well-established principle that findings of a Tax Court will not be disturbed unless they are “plainly arbitrary.” Glenpointe Assocs. v. Township of Teaneck, 241 N.J.Super. 37, 46, 574 A.2d 459, certif. denied, 122 N.J. 391, 585 A.2d 392 (1990).
In reviewing the matter on remand, we are cognizant of the Tax Court’s special expertise. Ford Motor Co. v. Township of *661 Edison, 127 N.J. 290, 311, 604 A.2d 680 (1992). That expertise allows the court to “apply its own judgment to valuation data submitted by experts in order to arrive at a true value.... ” Glen Wall Assocs. v. Township of Wall, 99 N.J. 265, 280, 491 A.2d 1247 (1985) (quoting New Cumberland Corp. v. Borough of Roselle, 3 N.J.Tax 345, 353 (Tax 1981)). Indeed, the Tax Court is obligated to use its “special qualification[s], knowledge and experience” in determining true value. Ford Motor Co., supra, 127 N.J. at 311, 604 A.2d 580 (quoting Glen Wall, supra, 99 N.J. at 280, 491 A.2d 1247). Further, notwithstanding the presumption of correctness afforded the quantum of the tax assessment, the Tax Court is free to supplant a determination of value by the tax assessor if it is satisfied by a preponderance of what it deems the superior proofs that the determination was not correct. Cf. City of Passaic v. Botany Mills, 59 N.J.Super. 537, 545, 158 A.2d 205 (App.Div.1960).
However, the presumption of correctness must first be overcome. See Aetna Life Insurance Co. v. Newark, 10 N.J. 99, 105, 89 A.2d 385 (1952) (citing Central R.R. Co. of N.J. v. State Tax Dept., 112 N.J.L. 5, 8, 169 A. 489 (E. & A.1933) and stating that the presumption can be overcome by the introduction of “sufficient competent evidence” which “must be definite, positive, and certain in quality and quantity”); accord Pantasote, supra, 100 N.J. at 413, 495 A.2d 1308. And, as the Court noted in Ford Motor Co., the presumption “ha[s] no artificial probative force once substantial evidence to the contrary [has been] adduced.” 127 N.J. at 312, 604 A.2d 580 (quoting Samuel Hird & Sons, Inc. v. City of Garfield, 87 N.J.Super. 65, 74, 208 A.2d 153 (App.Div.1965)). Once that occurs, the court should determine true value based on the “fair preponderance of the evidence.” Ibid. (citing Pennwalt Corp. v. Township of Holmdel, 4 N.J.Tax 51, 55-56 (Tax 1982)).
In determining that the presumption of validity was overcome, the Tax Court judge applied R. 4:37-2(b) in denying defendant’s motion to dismiss at the end of plaintiffs case, concluding that plaintiff had “established a debatable question” as to the correctness of the assessment. We do not determine whether his *662 articulation and application of this arguably lesser standard than that required by Ford Motor was correct because we are satisfied from our own independent review of plaintiffs proofs on its casé in chief, that there was “sufficient competent evidence” to overcome the presumption of validity. The fact that the judge may have changed his view of certain of plaintiffs evidence after defendant’s proofs were presented does not affect o.ur view that the presumption was overcome. We are also satisfied that plaintiff met its burden of proof by the preponderance of the evidence on the ultimate issue of the true value of the property and the tax assessments.
Accordingly, we affirm essentially for the reasons expressed by Judge Kuskin in his comprehensive opinion dated March 22, 1999. The judge complied with our mandate, and his findings are supported by sufficient competent evidence in the record as a whole, giving due deference to the expertise and judgment accorded to the Tax Court in these matters. His conclusions, based on those findings, are legally sound and we perceive no basis for our interference.
Affirmed.