NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



KATHI F. FIAMINGO
JUDGE

120 High Street
Mount Holly, NJ 08060
(609) 288-9500 EXT 38303

October 2, 2020

Harry A. Happ, III and Merle E. Happ
67 Woodbury Court
Clarksboro, NJ 08020

Via ecourts
Scott David Burns, Esq.

RE:  Harry A. Happ, III and Merle E. Happ v. East Greenwich Twp.
     Docket No. 008862-2019

Dear Plaintiffs and Counsel:

This letter constitutes the court's opinion after trial in the above-referenced matter challenging the judgment of the Gloucester County Board of Taxation for the 2019 tax year on plaintiff's single-family residence. For the reasons stated more fully below, the court affirms the assessment for tax year 2019 and dismisses plaintiff's complaint.

## I.    Procedural History and Factual Findings

The court makes the following findings of fact and conclusions of law based on the evidence and testimony offered at trial in this matter.

Plaintiffs Harry A. Happ, III and Merle E. Happ ("plaintiffs") are the owners of the single-family home located at 67 Woodbury Court, East Greenwich Township, Gloucester County, New Jersey identified on the tax map of the Township of East Greenwich (the "Township") as Block









*

206, Lot 10.39 (the "subject property"). As a result of a reassessment for the 2019 the subject property was assessed as follows:

| | |
|---|---|
| Land: | $ 65,600.00 |
| Improvements: | 309,000.00 |
| Total | $ 374,600.00 |

Plaintiffs filed a petition of appeal with the Gloucester County Board of Taxation (the "Board") challenging the 2019 tax year assessment on the subject property. On April 30, 2019, the Board entered a Memorandum of Judgment (the "Judgment") affirming the assessment under judgment code "2B Assessment Affirmed – Presumption of correctness not overturned." On May 22, 2019 plaintiffs timely filed a complaint with the Tax Court contesting the Board's judgment. The Township filed an answer on June 12, 2019. The matter was tried on September 21, 2020.

At trial, plaintiff Harry A. Happ, III ("plaintiff") testified that he was a licensed real estate agent. He provided testimony intending to demonstrate that although, by plaintiff's calculations, the majority of homes in his development had sold for a loss over the two year period November 2016 through November 2018, the increase in the assessments in the 2019 reassessment increased by 10% to 18%. Plaintiff further testified that the increase in the assessment of the subject property increased 11.7% when, according to plaintiff the actual market value increase was 1% to 3%.

Plaintiff provided a spreadsheet showing the sales of every home in his development. Highlighting all sales in the "two-year" lookback period from November 2016 through November 2018. This period was the relevant period for determining the comparable sales for the October 1, 2018 valuation date. Plaintiff testified that each of the sales made were "sold at a loss." Defendant objected that the characterization as to whether property was sold at a loss was

2

irrelevant to provide any support for the market value of the subject property. The court permitted the testimony because it involved potential evidence of the fair market value of the subject property.

Plaintiff provided a list of sales during the referenced 2-year look back period which he referenced to demonstrate that of the thirteen sales, six of which sold at a loss. Of the sales listed, six sales were of models similar to that of plaintiff, the "St. Andrews." The St. Andrew sales were as follows:

| Address | Date of Sale | Sales price |
|---|---|---|
| 59 Woodbury Court | 10/14/16 | $ 302,000 |
| 27 Brandywine Dr. | 1/17/17 | $ 335,000 |
| 49 Current Dr. | 1/11/18 | $ 399,000 |
| 37 Shute Farm Ln. | 3/15/18 | $ 330,000 |
| 43 Currant Dr. | 5/04/18 | $ 355,000 |
| 56 Brandywine Dr. | 8/20/18 | $ 285,000 |

Thereafter plaintiff provided testimony that the property located at 27 Brandywine Drive which sold on January 17, 2017 for $335,000 was the only sale in the relevant time period which was similar to the subject property, with the same square footage, including a loft with a bedroom and bath, with the exception that the subject had a basement which was partially finished that 27 Brandywine does not have. Plaintiff then agreed that an adjustment should be made to reflect the additional value for the partially finished basement. He testified that he had spoken with a realtor and based upon his discussion with the realtor he determined that a positive adjustment of $13,000 for the partially finished basement was warranted.

He acknowledged that he had not been inside the property which he was using as a comparable and had not spoken with any of the participants. Nonetheless he believed that property was comparable, as adjusted.

3

Plaintiff thereafter testified that the land upon which the subject sits is partially wet lands of approximately 500 square feet in area. He therefore deemed that an adjustment for the loss of use due to wetlands was necessary. He determined this adjustment with reference to other properties with the same square footage, but whose properties did not have any "loss of usage due to wet lands." He further determined that the tax assessment for the land only on such properties was $65,000, $400.00 less than the assessment for the land on the subject property. He then determined that due to the loss of use due to wetlands, an adjustment of $1,000 was appropriate for the loss of use due to wetlands.

After reviewing the information and his proposed adjustment, he found a value of $349,400 for the subject property. He determined this amount referencing the average assessment for the improvements of other similar models in his development, adding back the land value, as adjusted, and then adding his adjustment for the partially finished basement, as follows:

| | |
|---|---|
| Average Assessment for St. Andrews Improvement only | $ 271,800 |
| Add back assessment for land, as adjusted | 64,600 |
| Add in adjustment for partially finished basement | 13,000 |
| | |
| Total value/adjustment | $ 349,400 |

At the conclusion of plaintiff's testimony, defendant moved to dismiss plaintiff's complaint for his failure to overcome the presumption of validity. The court denied the motion finding that plaintiff had provided some evidence of value raising a debatable question as to the validity of the assessment.

Thereafter defendant presented its assessor who presented three comparable sales upon which the defendant relied. Adjustments were made to each of the comparable sales for lack of a basement, partially finished, at $43,000. Adjustments were also made for gross living area, and in one case for a fireplace ($1,500) and patio ($3,000). The assessor provided no testimony as to

4

the manner in which any of the adjustments were made. After adjustment, the assessor testified that the three comparable sales were $398,000, $410,500 and $337,500. The subject property was assessed at $374,600.

## II.    Conclusions of Law

### a.  Presumption of Validity

The court's analysis begins with the well-established principle that "[o]riginal assessments and judgments of county boards of taxation are entitled to a presumption of validity." MSGW Real Estate Fund, LLC v. Borough of Mountain Lakes, 18 N.J. Tax 364, 373 (Tax 1998). The presumption "attaches to the quantum of the tax assessment. Based on this presumption, the appealing taxpayer has the burden of proving that the assessment is erroneous." Pantasote Co. v. City of Passaic, 100 N.J. 408, 413 (1985)(citing Riverview Gardens v. North Arlington Borough, 9 N.J. 167, 174 (1952)). The "presumption is not simply an evidentiary presumption serving only as a mechanism to allocate the burden of proof. It is, rather, a construct that expresses the view that in tax matters, it is to be presumed that governmental authority has been exercised correctly and in accordance with law." MSGW Real Estate Fund, LLC, supra, 18 N.J. Tax at 374 (citing Powder Mill, I Assocs. v. Hamilton Township, 3 N.J. Tax 439 (Tax 1981)). "The presumption of correctness…stands, until sufficient competent evidence to the contrary is adduced." Little Egg Harbor Township v. Bonsangue, 316 N.J. Super. 271, 285-86 (App. Div. 1998). A taxpayer can only rebut the presumption by introducing "cogent evidence" of true value. That is, evidence "definite, positive and certain in quality and quantity to overcome the presumption." Aetna Life Ins. Co. v. Newark City, 10 N.J. 99, 105 (1952). Therefore, at the close of plaintiffs' proofs, the

court must be presented with evidence which raises a "debatable question as to the validity of the assessment." MSGW Real Estate Fund, LLC, supra, 18 N.J. Tax at 376.

The court, in evaluating whether the evidence presented meets the "cogent evidence" standard, "must accept such evidence as true and accord the plaintiff all legitimate inferences which can be deduced from the evidence." Id. at 376 (citing Brill v. Guardian Life Insurance Co. of America, 142 N.J. 520 (1995)). However, the evidence presented, when viewed under the Brill standard "must be 'sufficient to determine the value of the property under appeal, thereby establishing the existence of a debatable question as to the correctness of the assessment.'" West Colonial Enters, LLC v. City of East Orange, 20 N.J. Tax 576, 579 (Tax 2003)(quoting Lenal Props., Inc. v. City of Jersey City, 18 N.J. Tax 405, 408 (Tax 1999), aff'd, 18 N.J. Tax 658 (App. Div. 2000), certif. denied, 165 N.J. 488 (2000)). "Only after the presumption is overcome with sufficient evidence…must the court 'appraise the testimony, make a determination of true value and fix the assessment.'" Greenblatt v. Englewood City, 26 N.J. Tax 41, 52 (Tax 2011)(quoting Rodwood Gardens, Inc. v. City of Summit, 188 N.J. Super. 34, 38-39 (App. Div. 1982)). If the court concludes that evidence sufficient to overcome the presumption of validity attached to the tax assessment has not been presented, judgment must be entered affirming the assessment. Ford Motor Co. v. Township of Edison, 127 N.J. 290, 312 (1992). In the absence of a motion to dismiss under R. 4:37-2(b), the court is nonetheless required to decide if the plaintiff has overcome the presumption of validity. Thus, if the court independently concludes the plaintiff has not carried its requisite burden, dismissal of the action is warranted under R. 4:40-1, and the trial court need not engage in an evaluation of the evidence to make an independent determination of value.

Here, the plaintiff presented some evidence of value of the subject property. A significant portion of plaintiff's testimony revolved around a comparison of assessments. "[C]omparing

6

assessments of different properties in a property tax appeal is disallowed – the other assessment may be incorrect." See AHS Hosp. Corp. v. Town of Morristown, 28 N.J. Tax 456, 520 (Tax 2015). The other properties may be over-assessed or under-assessed. Such a possibility is not relevant to the determination of the validity of the assessment of the subject property, the issue before this court. Nonetheless, plaintiff did provide certain comparable sale information, a part of which he relied upon in coming to his determination of value.

The assessor also provided comparable sale information but did not provide any competent evidence to support any of his adjustments.

After viewing all of the evidence presented the court is not persuaded that a change in assessment is warranted. Plaintiff did not present competent evidence to support the adjustments made by him to the one sale he deemed comparable. He acknowledged that adjustments were in fact necessary, especially in light of the fact that the comparable did not have a basement. Without adjustments, sales prices cannot be considered as firm credible evidence of the value of the subject property. See U.S. Life Realty Corp. v. Township of Jackson, 9 N.J. Tax 66, 72 (Tax 1987)("differences between a comparable . . . and the subject property are anticipated [and] dealt with by adjustments recognizing and explaining these differences, and then relating the two properties to each other in a meaningful way so that an estimate of the value of one can be determined from the value of the other."). Although plaintiff attempted to make such adjustments those adjustments were unsupported by any credible evidence. The $13,000 adjustment for the partially finished basement was made on the basis of a conversation plaintiff had with a realtor about what that realtor believed a buyer would pay for a basement. The conversation was both hearsay, and unsupported by any credible evidence. The adjustment for the alleged loss of use of the rear yard due to wetlands was similarly unsupported by any credible evidence and was

7

calculated with reference to the assessments on other property. As indicated above comparing assessments is an unreliable indicator of value.

The various adjustments relied upon by the assessor in arriving at a value were similarly unsupported. If the bases for the adjustments are not made evident the court cannot extrapolate value." Inmar Associates v. Edison Township, 2 N.J. Tax 59, 66 (Tax 1980). "Without explanation as to the basis, the opinion of the expert is entitled to little weight in this regard." Dworman v. Tinton Falls, 1 N.J. Tax 445, 458 (Tax 1980)(citing to Passaic v. Gera Mills, 55 N.J. Super. 73 (App. Div. 1959), certif. denied, 30 N.J. 153 (1959)).

The court is mindful of its duty to find value by applying its own judgment to valuation data submitted. See Glen Wall Associates v. Tp. of Wall, 99 N.J. 265, 280 (1985). Nonetheless, in the absence of credible data, the court "cannot legitimately review the adjustment process . . . and arrive at an informed determination." WCI-Westinghouse, Inc. v. Tp. of Edison, 7 N.J. Tax 610, 622 (Tax 1985), aff'd, 9 N.J. Tax 86 (App. Div. 1986). The court's independent determination of value must be based "on the evidence before it and the data that are properly at its disposal." F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 430 (1985).

As a result of the lack of sufficient credible objective data, the court is unable to make an independent determination of the true market value of the subject property by a fair preponderance of the evidence. The judgment of the County Board of Taxation is affirmed.

Very truly yours,

/s/ Kathi F. Fiamingo

Kathi F. Fiamingo, J.T.C.

8