NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

# TAX COURT OF NEW JERSEY



**KATHI F. FIAMINGO**
JUDGE

**120 High Street**
**Mount Holly, NJ 08060**
**(609) 288-9500 EXT 38303**

May 25, 2021

Via eCourts
Mark P. Asselta, Esq.
Brown & Connery, LLP
6 N. Broad Street
Woodbury, NJ 08096

Via email
Alfred W. Ricco
Camden, NJ 08104

RE:     Alfred W. Ricco vs City of Camden
        Docket No. 010886-2020

Dear Plaintiff and Counsel:

This letter constitutes the court's opinion after trial in the above-referenced matter challenging the judgment of the Camden County Board of Taxation for the 2020 tax year on plaintiff's single-family residence. The court finds that plaintiff failed to produce sufficient evidence to overcome the presumptive validity of the assessment. As a result, plaintiff's complaint is dismissed, and the judgment of the County Board is affirmed.

## I.     Procedural History and Factual Findings

The court makes the following findings of fact and conclusions of law based on the evidence and testimony offered at trial in this matter.



*







Plaintiff Alfred W. Ricco, Jr. ("plaintiffs") is the owner of the single-family home located at 834 Sylvan Street, City of Camden, Camden County, New Jersey identified on the tax map of the City of Camden ("Camden") as Block 605, Lot 62 (the "subject property"). For the 2020 tax year the subject property was assessed as follows:

| | |
|---|---|
| Land: | $ 8,600 |
| Improvements: | 43,300 |
| Total | $ 51,900 |

The Chapter 123 average ratio for Camden for 2020 was 95.39%, resulting in an implied equalized value for 2020 of $54,408.

Plaintiff filed a petition of appeal with the Camden County Board of Taxation (the "Board") challenging the 2020 tax year assessment on the subject property. On August 4, 2020, the Board entered a Memorandum of Judgment (the "Judgment") affirming the assessment. On September 18, 2020 plaintiff filed a complaint with the Tax Court contesting the Judgment. Camden filed no answer or counterclaim[1]. The matter was tried on May 12, 2021.

The subject property is a single-family home located in the Sweet Potato Hill section of the Morgan Village neighborhood in Camden. The home is a brick row home containing approximately 1120 square feet of living space, consisting of 3 bedrooms, 1 bath, a living room, dining room, and an unfinished basement. The lot contains approximately 1600 square feet with the dimensions of 20 feet by 80 feet. Constructed in 1918, the home was purchased by plaintiff's

---

[1] At trial, plaintiff objected to counsel's arguments throughout, claiming that Camden admitted to the claims in the complaint by failing to file an answer. The court addressed this argument several times, advising plaintiff that pursuant to the Rules Governing Practice in the Tax Court, specifically, R. 8:3-2(b), in local property tax cases a defendant "may but need not file an answer." In this regard the Rules Governing Civil Practice, under Part IV of the Rules Governing the Courts did not apply.

family in 1934 and has had unspecified updates and renovations since the 1990's when plaintiff moved back to the property.

## II.   Plaintiff's testimony

Plaintiff who is not an appraiser or other real estate expert, testified that he reviewed public records to determine the sale of all homes in the Sweet Potato Hill section for the years 2015 through 2019 and 2011.  In 2019 there were 3 sales of homes which plaintiff initially maintained were comparable sales:

| Comparable | Address | Sale Date | Sale Price |
|---|---|---|---|
| 1 | 685 Woodland Ave | 8/19/20219 | $30,000 |
| 2 | 2537 Morgan Blvd | 7/12/2019 | $23,000 |
| 3 | 729 Morgan St | 1/2/2019 | $18,000 |

Plaintiff acknowledged that he had not inspected any of the comparables, had not confirmed any of the sales with the participants, or reviewed any of the deeds for sale.  Plaintiff asserted that each of the comparable properties were similar in construction and style and had been built in or around the same time as the subject property.  He was unaware if any of the comparables had been renovated or upgraded prior to the sales presented, but testified that purchasers of property in the area were purchasing and renovating properties for resale.

Unlike the subject, Comparable 3 included a garage.  Further it was boarded up at the time of sale and was not habitable.  Plaintiff provided the SR1A cards for each of the comparable sales which demonstrated that Comparable 1 had an NU code of 31 (resale of a foreclosure), Comparable 2 had an NU Code of 12 (sheriff sale) and Comparable 3 had an NU code of 26 (boarded up – not habitable).  Plaintiff conceded that comparable 3 was not comparable to the subject property due

3

to its condition at sale. Plaintiff asserted that since the SR1A cards did not include the historical sale data for each of the properties, they were missing information and were inaccurate.

Plaintiff testified that the sales of the properties in the area were "stifled" because the City had determined the area in which the subject was located was deemed to be an area in need of redevelopment. Plaintiff presented no expert testimony, or other evidence, to support this position. Plaintiff did suggest that properties located in another section of the City, which were not comparable to the subject property, sold at higher prices than those in the Potato Hill section and sold more readily.

Plaintiff also presented the following additional comparable sales occurring in 2018:

| Comparable | Address | Sale Date | Sale Price |
| --- | --- | --- | --- |
| 4 | 849 Sylvan St. | 12/07/2018 | $42,500 |
| 6 | 824 Morgan St. | 9/28/2018 | $20,000 |
| 7 | 813 Morgan St | 9/12/2018 | $22,000 |
| 9 | 2409 SO 8th St | 7/6/2018 | $16,000 |
| 10 | 848 Woodland Ave | 6/15/2018 | $29,500 |
| 11 | 813 Tulip St | 6/06/2018 | $12,000 |
| 12 | 2306 SO 9th St. | 5/01/2018 | $15,000 |
| 13 | 848 Woodland Ave | 2/16/2018 | $11,000 |
| 14 | 2535 Morgan Blvd | 2/02/2018 | $15,000 |

Plaintiff testified that with the exception of comparable 4, each of the comparable sales were substantially similar to the subject property. Although comparable 4 was renovated and had exterior renovations that were different from the subject, plaintiff maintained that it was comparable to that of the subject. A review of the SR1A cards for each of the comparable sales

through comparable sale 13 demonstrate that NU codes were ascribed to each sale. The SR1A card submitted for comparable sale 14 was not for the sale referenced in the chart but was for a subsequent sale occurring after the valuation date. Again plaintiff did not go into the homes and did not confirm the sales with the participants.

The following additional sales were presented for sales in tax year 2017:

| Comparable | Address | Sale Date | Sale Price |
|---|---|---|---|
| 16 | 808 Morgan St | 7/20/2017 | $15,000 |
| 17 | 2539 Morgan Blvd | 4/28/2017 | $10,000 |
| 18 | 845 Sylvan St | 12/22/2016 | $50,000 |
| 19 | 743 Sylvan St | 12/05/2016 | $9,525 |
| 20 | 827 Sylvan St | 5/18/2016 | $20,000 |
| 21 | 833 Morgan St | 1/19/2016 | $30,000 |

Comparable 18 had been substantially renovated, converting it from a 3 bedroom home to a 2 bedroom home. Notwithstanding the renovations, plaintiff maintained it was comparable as it was in the same section and was evidence of the depression on values resulting from the designation of the neighborhood as being an area in need of rehabilitation. Again, plaintiff did not inspect any of the comparables to confirm their comparability, did not confirm the sales with any of the participants and did not review any of the deeds. With the exception of comparable 18 each of the SR1A cards demonstrated an NU code had been attached to each sale.

After cross-examination, and the presentation of plaintiff's case, Camden rested.

## II. Conclusions of Law

### a. Presumption of Validity

The court's analysis begins with the well-established principle that "[o]riginal assessments and judgments of county boards of taxation are entitled to a presumption of validity." MSGW Real Estate Fund, LLC v. Borough of Mountain Lakes, 18 N.J. Tax 364, 373 (Tax 1998). "The presumption attaches to the quantum of the tax assessment. Based on this presumption, the appealing taxpayer has the burden of proving that the assessment is erroneous." Pantasote Co. v. City of Passaic, 100 N.J. 408, 413 (1985)(citing Riverview Gardens v. North Arlington Borough, 9 N.J. 167, 174 (1952)). The "presumption is not simply an evidentiary presumption serving only as a mechanism to allocate the burden of proof. It is, rather, a construct that expresses the view that in tax matters, it is to be presumed that governmental authority has been exercised correctly and in accordance with law." Pantasote Co., 100 N.J. at 413 (citing Powder Mill, I Assocs. v. Hamilton Township, 3 N.J. Tax 439 (Tax 1981)). "The presumption of correctness…stands, until sufficient competent evidence to the contrary is adduced." Little Egg Harbor Township v. Bonsangue, 316 N.J. Super. 271, 285-86 (App. Div. 1998). A taxpayer can only rebut the presumption by introducing "cogent evidence" of true value. Pantasote Co., 100 N.J. at 413 (citing Riverview Gardens, 9 N.J. at 175). That is, evidence "definite, positive and certain in quality and quantity to overcome the presumption." Aetna Life Ins. Co. v. Newark City, 10 N.J. 99, 105 (1952). Therefore, at the close of plaintiffs' proofs, the court must be presented with evidence which raises a "debatable question as to the validity of the assessment." MSGW Real Estate Fund, LLC, 18 N.J. Tax at 376.

The court, in evaluating whether the evidence presented meets the "cogent evidence" standard, "must accept such evidence as true and accord the plaintiff all legitimate inferences

which can be deduced from the evidence." Id. at 376 (citing Brill v. Guardian Life Insurance Co. of America, 142 N.J. 520, 535 (1995)). However, the evidence presented, when viewed under the Brill standard "must be 'sufficient to determine the value of the property under appeal, thereby establishing the existence of a debatable question as to the correctness of the assessment.'" West Colonial Enters, LLC v. City of East Orange, 20 N.J. Tax 576, 579 (Tax 2003)(quoting Lenal Props., Inc. v. City of Jersey City, 18 N.J. Tax 405, 408 (Tax 1999), aff'd, 18 N.J. Tax 658 (App. Div. 2000), certif. denied, 165 N.J. 488 (2000)). "Only after the presumption is overcome with sufficient evidence…must the court 'appraise the testimony, make a determination of true value and fix the assessment.'" Greenblatt v. Englewood City, 26 N.J. Tax 41, 51-2 (Tax 2011)(quoting Rodwood Gardens, Inc. v. City of Summit, 188 N.J. Super. 34, 38-39 (App. Div. 1982)). If the court concludes that evidence sufficient to overcome the presumption of validity attached to the tax assessment has not been presented, judgment must be entered affirming the assessment. Ford Motor Co. v. Township of Edison, 127 N.J. 290, 312 (1992). In the absence of a motion to dismiss under R. 4:37-2(b), the court is nonetheless required to decide if the plaintiff has overcome the presumption of validity. See MSGW Real Estate Fund, LLC, 18 N.J. Tax at 377-79. Thus, if the court independently concludes the plaintiff has not carried its requisite burden, dismissal of the action is warranted under R. 4:40-1, and the trial court need not engage in an evaluation of the evidence to make an independent determination of value. Ibid.

The court acknowledges plaintiff's argument that the designation of the location in which the subject property is located as an area in need of rehabilitation resulted in an overall depression on the value of properties in that area. Plaintiff was not able to quantify the manner in which that designation impacted the fair market value of the properties. Although plaintiff's testimony tended to demonstrate that, with the exception of a single non-comparable property, the only sales in the

designated areas were related to foreclosures in some manner, plaintiff's evidence failed to provide the court with any basis upon which to measure the effect on the sales price.

Moreover, the court notes that with the exception of comparable sale 18, which the court finds is not comparable to the subject, each of the sales were designated as non-usable. These non-usable codes ("NU Codes") are found in N.J.A.C. 18:12-1.1 which provides 33 categories of deed transactions that are "not usable in determining assessment-sales ratios." Where a taxpayer relies on comparable sales with NU codes, there is a lack of reliability in these categories of sales accurately reflecting the subject property's "fair market value for tax purposes." See Pepperidge Tree Realty Corp. v. Kinnelon Borough, 21 N.J. Tax 57, 67 (Tax 2003). However, certain sales may still be usable.

> Transfers within the foregoing category numbers 1, 3, 9, 10, 15, 17, 26, and 28 … should generally be excluded but may be used if after full investigation it clearly appears that the transaction was a sale between a willing buyer, not compelled to buy, and a willing seller, not compelled to sell, with all conditions requisite to a fair sale with the buyer and seller acting knowledgeably and for their own self-interests, and that the transaction meets all other requisites of a usable sale.
>
> [N.J.A.C. 18:12-1.1(b)]

All of the comparable sales, excluding comparable sales 14, 18 and 21, had NU codes as follows[2]:

> **Comparable Sale 20**: NU Code 10: Sales by guardians, testamentary trustees, executors, and administrators;
>
> **Comparable Sales 2 and 17**: NU Code 12: Sheriff's sale
>
> **Comparable Sale 9**: NU Code 14: Sales of doubtful title including, but not limited to, quit-claim deeds;

---

[2] As noted, the court finds comparable sale 18 not comparable to the subject. The SR1A cards submitted for comparable sales 14 and 21 were not for the sales presented and the court is unable to determine if there was an NU code for such sales.

**Comparable Sale 7**:  NU code 17: Sales to or from any charitable, religious, or benevolent organization;

**Comparable Sales 3, 4, 10, 11, 12, 13, 16**:  NU Code 26: Sales that for reasons other than specified in the enumerated categories are not considered to be between a willing, knowledgeable buyer, not compelled to buy, and a willing, knowledgeable seller, not compelled to sell (each of these sales included an indication that the sale was a resale after foreclosure);

**Comparable Sales 1, 6 & 19:**  NU Code 31:  First sale after foreclosure by a Federal- or State-chartered financial institution ….

All of the presented comparable sales contained NU Codes.  While the NU designations do not require that the comparable sales be eliminated as evidence of the fair market value of the subject property in this matter, they raise significant doubts as to their reliability.  The court must evaluate the terms of sale to ascertain if it is truly reflective of fair market value.

In a local property tax assessment matter, "[t]he search, of course, is for the fair value of the property, the price a willing buyer would pay a willing seller." New Brunswick v. Division of Tax Appeals, 39 N.J. 537, 543 (1963). This willing buyer--willing seller concept presupposes an informed buyer and an informed seller because market value is more completely defined as:

The most probable price in cash, terms equivalent to cash, or in other precisely revealed terms, for which the appraised property will sell in a competitive market under all conditions requisite to fair sale, with the buyer and seller each acting prudently, *knowledgeably*, and for self-interest, and assuming that neither is under undue duress. [American Institute of Real Estate Appraisers, The Appraisal of Real Estate, (8 ed. 1983) 317, 33; (emphasis supplied)]

[U.S. Life Realty Corp. v. Jackson Tp., 9 N.J. Tax 66, 75 (Tax 1987)]

Plaintiff performed no investigation into the circumstances of the sales and there is no indication whatsoever that the sales satisfied the willing buyer/willing seller test.  Thus, the court has no basis upon which to assess either the credibility of any sale or its reliability as to fair market value.  Moreover, the comparability of the properties is in question.  Plaintiff did not inspect any

of the subject properties and was unable to testify as to any renovations or construction which might have occurred and which might have affected comparability.

Nothing submitted by plaintiff in this matter is sufficient to question the validity of the assessment in this matter. Even when the court accepts the evidence presented by the plaintiff as true, the evidence presented lacks sufficient reliability to overcome the presumption of validity accorded to the assessment and the judgement of the County Board of Taxation.

For all of these reasons, the court finds that plaintiff failed to carry his burden to overcome the presumption of correctness and his complaint is dismissed.

Very truly yours,

/s/ Kathi F. Fiamingo

Kathi F. Fiamingo, J.T.C.