NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



**KATHI F. FIAMINGO**
JUDGE

**120 High Street**
**Mount Holly, NJ 08060**
**(609) 288-9500 EXT 38303**

September 2, 2021

Via eCourts
Kelsey McGuckin-Anthony, Esq.
Dasti Murphy McGuckin Ulaky, et al.

Via email and regular mail
Joanne Faber
Toms River, N.J.

RE:   Joanne Faber v. Toms River Township
      Docket No. 011106-2020

Dear Ms. Faber and Counsel:

This letter constitutes the court's opinion after trial in the above-referenced matter challenging the judgment of the Ocean County Board of Taxation for the 2020 tax year on plaintiff's single-family residence. The court finds that plaintiff failed to produce sufficient evidence to overcome the presumptive validity of the assessment. As a result, plaintiff's complaint is dismissed, and the judgment of the County Board is affirmed.

## I.    Procedural History and Factual Findings

The court makes the following findings of fact and conclusions of law based on the evidence and testimony offered at trial in this matter.

Plaintiff Joanne Faber ("plaintiffs") is the owner of the single-family home located at 97 Flag Point, Toms River, Ocean County, New Jersey identified on the tax map of the Township of


* 


Americans with
Disabilities Act


ENSURING
AN OPEN DOOR TO
JUSTICE



Toms River ("Township") as Block 687.03, Lot 16 (the "subject property"). For the 2020 tax year the subject property was assessed as follows:

| | |
|---|---|
| Land: | $ 650,000.00 |
| Improvements: | 10,000.00 |
| Total | $ 660,000.00 |

The Chapter 123 average ratio for Toms River for 2020 was 79.37%, resulting in an implied equalized value for 2020 of $831,548

Plaintiff filed a petition of appeal with the Ocean County Board of Taxation (the "Board") challenging the 2020 tax year assessment on the subject property. On August 13, 2020, the Board entered a Memorandum of Judgment (the "Judgment") affirming the assessment. On September 29, 2020 plaintiff timely filed a complaint with the Tax Court contesting the Judgment. The Township filed no answer or counterclaim. The matter was tried on August 25, 2021.

The subject property is a contemporary style single-family home in the shape of an octagon constructed around 1970. It is accessed from the street via a bridge over a pond located in the front yard of the subject property. The rear of the subject property is located on the Toms River. The subject property is surrounded by water on three sides and the subject property is not easily accessible by neighboring property owners. As a result, the subject property is very private. The subject property is a raised ranch construction. The portion of the subject property bordering the Toms River is improved with a bulkhead.

The subject property contains three bedrooms and three baths. The Township records list the gross living area at 3,043 square feet and the lot size at approximately .5 acre.

## II. **Plaintiff's testimony**

Plaintiff presented the testimony of the Township assessor. Plaintiff questioned the assessor on the methodology by which the subject property had been assessed. The assessor referred to the CAMA system (computer assisted mass appraisal) but was unable to provide any specific information with respect to the subject property. The assessor explained that he had not been involved in the assessment of the subject property for the year in question, having only taken on the position of assessor in January 2020. The assessor referred to the property record card to describe the physical conditions of the subject property and for substantially all of his responses to plaintiff's line of questioning. The assessor had not been prepared to testify since plaintiff did not inform him in advance of trial that she intended to call him as her witness.[1]

Plaintiff disputed the information on the property record card that the improvement on the subject property contained 3,043 square feet, testifying that the correct calculation was 2,735 square feet. Plaintiff provided nothing to the court to support this assertion. Further although plaintiff also disputed the indication on the property record card that the lot size contained .506 acres, plaintiff provided nothing to support her contention that the "uplands" portion of the subject property consisted of approximately .28 acres or how this affected the value of the subject property. Although plaintiff testified that the difference between her calculation of the uplands portion and the determination by the assessor was the result of deducting the area of the pond, she neither

---

[1] The Township assessor attended the remote trial as a spectator and was not the subject of a subpoena from plaintiff, nor did he appear on any parties' witness list. The assessor therefore was unaware that plaintiff intended to call him as a witness and was not prepared to testify. He did not have a file or any other records to which he could refer for information. Notably, the Township assessor is not a party to the tax appeal, as it is the Township which is the defendant in these matters. Thus, to secure the assessor's testimony, a subpoena should have issued. See R. 1:9-1. Plaintiff's complaint that she was unable to elicit any testimony from the assessor is a function of her failure to subpoena the assessor in advance of trial to both provide testimony and produce documents.

produced any support for the acreage she ascribed to the pond area nor the reason(s) for which the pond area should be ignored for valuation purposes.

Plaintiff provided testimony as to 3 properties she considered comparable to the subject property, as follows:

Comparable property 1 – 1438 Summit

This property was sold on 12/28/18 for $810,000 and consisted of a 2-story colonial type building which was new construction. Like the subject, comparable property 1 was located on the Toms River and had an open view of the bay, which plaintiff characterized as better than the subject property. Comparable property 1 was smaller than the subject property with 2,100 square feet of gross living area, containing 3 bedrooms and 2 baths. Plaintiff also testified that unlike the subject property, comparable property 1 had been constructed on pilings and contained a 2-car garage under the first floor living area, whereas the subject property was not built on pilings and had no garage.

Comparable property 2 – 320 Silver Bay Road

This property sold on 2/22/19 for $595,000 and consisted of new construction of 2,400 square feet of gross living area, with 3 bedrooms and 3 baths. Comparable property 2 is not located on the Toms River, nor is it located on an open waterway such as the subject property. It is instead located on a lagoon. It too was constructed on pilings with a 2-car garage and is a 2-story structure.

Comparable property 3 – 25 Sunrise Way

This property sold on 2/8/19 for $699,000, contained 2,530 square feet of gross living area with 4 bedrooms and 3.5 baths. It too was on pilings with either a 1 or 2 car garage below.

4

Comparable property 3 is not located on the Toms River, or on an open waterway, located instead on a lagoon.

On cross-examination plaintiff acknowledged that she did not know the lot size of comparable property 1, but then testified that checking "NJ Parcels" it appeared that comparable property 1 contained .3 acres. This testimony was uncertain and was not supported by any credible evidence other than plaintiff's search of an internet site. Plaintiff was initially unable to provide the lot size of comparable property 2, and then testified that it was approximately .25 acres. She further conceded that comparable property 2 was on a "canal" which was not as desirable as the subject property's location on an open waterway.

Similarly plaintiff first testified that she did not know the lot size of comparable property 3, but then revised her testimony to indicate that it contained approximately .25 to .3 acres. She agreed that it was a "few miles" away from the subject property but was unable to indicate the distance or to agree that it was in a "different section of Toms River," stating only that it was located in the Township. Plaintiff also conceded that that the subject property was not on an open waterway and was instead located on a less desirable lagoon.

Plaintiff obtained the information regarding the comparable sales from the SR1-A property record cards. She also visited the exterior of each of the comparable properties and reviewed photographs that were shown on MLS where possible. Plaintiff confirmed the sale in comparable property 1 by speaking with a realtor involved in the transaction and confirmed that it was new

construction and sold for the price indicated. Plaintiff did not speak with any participant in comparable properties 2 and 3 instead confirming the "price" by reviewing the SR1-A card.

Plaintiff testified that comparable property 1 was most comparable to the subject property. Defendant provided no testimony.

## II. Conclusions of Law

### a. Presumption of Validity

The court's analysis begins with the well-established principle that "[o]riginal assessments and judgments of county boards of taxation are entitled to a presumption of validity." MSGW Real Estate Fund, LLC v. Borough of Mountain Lakes, 18 N.J. Tax 364, 373 (Tax 1998). "The presumption attaches to the quantum of the tax assessment. Based on this presumption, the appealing taxpayer has the burden of proving that the assessment is erroneous." Pantasote Co. v. City of Passaic, 100 N.J. 408, 413 (1985)(citing Riverview Gardens v. North Arlington Borough, 9 N.J. 167, 174 (1952)). The "presumption is not simply an evidentiary presumption serving only as a mechanism to allocate the burden of proof. It is, rather, a construct that expresses the view that in tax matters, it is to be presumed that governmental authority has been exercised correctly and in accordance with law." Pantasote Co., 100 N.J. at 413 (citing Powder Mill, I Assocs. v. Hamilton Township, 3 N.J. Tax 439 (Tax 1981)). "The presumption of correctness…stands, until sufficient competent evidence to the contrary is adduced." Little Egg Harbor Township v. Bonsangue, 316 N.J. Super. 271, 285-86 (App. Div. 1998). A taxpayer can only rebut the presumption by introducing "cogent evidence" of true value. Pantasote Co., 100 N.J. at 413 (citing Riverview Gardens, 9 N.J. at 175). That is, evidence "definite, positive and certain in quality and quantity to overcome the presumption." Aetna Life Ins. Co. v. Newark City, 10 N.J. 99, 105 (1952). Therefore, at the close of plaintiffs' proofs, the court must be presented with evidence

6

which raises a "debatable question as to the validity of the assessment." MSGW Real Estate Fund, LLC, 18 N.J. Tax at 376.

The court, in evaluating whether the evidence presented meets the "cogent evidence" standard, "must accept such evidence as true and accord the plaintiff all legitimate inferences which can be deduced from the evidence." Id. at 376 (citing Brill v. Guardian Life Insurance Co. of America, 142 N.J. 520, 535 (1995)). However, the evidence presented, when viewed under the Brill standard "must be 'sufficient to determine the value of the property under appeal, thereby establishing the existence of a debatable question as to the correctness of the assessment.'" West Colonial Enters, LLC v. City of East Orange, 20 N.J. Tax 576, 579 (Tax 2003)(quoting Lenal Props., Inc. v. City of Jersey City, 18 N.J. Tax 405, 408 (Tax 1999), aff'd, 18 N.J. Tax 658 (App. Div. 2000), certif. denied, 165 N.J. 488 (2000)). "Only after the presumption is overcome with sufficient evidence…must the court 'appraise the testimony, make a determination of true value and fix the assessment.'" Greenblatt v. Englewood City, 26 N.J. Tax 41, 51-2 (Tax 2011)(quoting Rodwood Gardens, Inc. v. City of Summit, 188 N.J. Super. 34, 38-39 (App. Div. 1982)). If the court concludes that evidence sufficient to overcome the presumption of validity attached to the tax assessment has not been presented, judgment must be entered affirming the assessment. Ford Motor Co. v. Township of Edison, 127 N.J. 290, 312 (1992). In the absence of a motion to dismiss under R. 4:37-2(b), the court is nonetheless required to decide if the plaintiff has overcome the presumption of validity. See MSGW Real Estate Fund, LLC, 18 N.J. Tax at 377-79. Thus, if the court independently concludes the plaintiff has not carried its requisite burden, dismissal of the action is warranted under R. 4:40-1, and the trial court need not engage in an evaluation of the evidence to make an independent determination of value. Ibid.

7

The court acknowledges that the testimony provided by the assessor was vague as to the assessment for the subject property. However the assessor testified that he was not the assessor on the valuation date for the year under appeal and had no personal knowledge of how it had been set. Moreover, since plaintiff had not subpoenaed the assessor nor provided him with any advance notice that his testimony would be solicited, he was unprepared to provide such information and did not have his file to refer to. He could only refer to the SR1-A card which was in evidence to provide the factual basis for the assessment. The court rejects plaintiff's contention that the assessment was arbitrary, capricious or unreasonable based on the testimony elicited. While the assessor's testimony was hardly precise as to the setting of the assessment, plaintiff provided nothing to suggest that the assessment, when set, was improper. Plaintiff's testimony to problems she encountered when she attempted to correct certain information on the property record card in years not before the court has no bearing on the assessment for the year in question. Other than plaintiff's unsupported assertions that the square footage calculation by the assessor was in error, plaintiff did not assert that the information on the property record card, upon which the assessment was based, was inaccurate. As to the lot size, although plaintiff asserted that the "usable" portion of the lot should be reduced by the pond, plaintiff did not provide any testimony that the aggregate lot size was incorrectly calculated. At best, any discrepancy in the gross living area or the usable lot size might impact value, however plaintiff provided nothing to provide support for an adjustment in the assessed value for such alleged differences.

Moreover, the plaintiff failed to present cogent evidence to dispute the validity of the assessment of the subject property. Although plaintiff presented three sales which plaintiff asserted were comparable to the subject property, plaintiff's proofs of comparability were lacking. None of the sales presented by plaintiff were of comparable properties. All of the three

"comparable" properties were multi story homes unlike the subject property's ranch style. Although plaintiff asserted that ranch style homes are not as desirable as 2-story homes, she provided nothing to support that assertion. Although comparable property 1 was located on an open waterway, as was the subject property, comparable properties 2 and 3 were located on lagoons, or canals as plaintiff referred to the locations. Although plaintiff viewed the exteriors of the three sales and confirmed that they were new construction, she provided no proof that the sales were arms-length transactions.

Furthermore, plaintiff asserted that she relied most heavily on comparable property 1. As noted, that property sold in December 2018 for $810,000, tending to support the assessment in this matter. Although plaintiff maintained that the differences between the subject property and comparable property 1 supported a downward adjustment in the concluded value, she provided nothing to support the amount of such an adjustment. Thus, even accepting plaintiff's evidence as true, it failed to provide cogent evidence of the fair market value of the subject property for the year in question sufficient to overcome the presumption of validity of the judgment of the County Board of Taxation.

For all of these reasons, the court finds that plaintiff failed to carry her burden to overcome the presumption of correctness and her complaint is dismissed.

Very truly yours,

/s/ Kathi F. Fiamingo

Kathi F. Fiamingo, J.T.C.