NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

**TAX COURT OF NEW JERSEY**



**KATHI F. FIAMINGO**
JUDGE

**120 High Street**
**Mount Holly, NJ 08060**
**(609) 288-9500 EXT 38303**

November 8, 2021

Via eCourts
Martin Allen, Esq.
DiFrancesco Bateman et als.

Via email
Michael J. Storms
Basking Ridge, N.J.

RE:     Michael J. Storms v. Bernards Township
        Docket No. 012391-2020

Gentlemen:

This letter constitutes the court's opinion in the above-referenced matter with respect to defendant's motion to dismiss at the close of plaintiff's case. The court finds that plaintiff failed to produce sufficient evidence to overcome the presumptive validity of the assessment. As a result, plaintiff's complaint is dismissed, and the judgment of the County Board is affirmed.

## I.      Procedural History and Factual Findings

The court makes the following findings of fact and conclusions of law based on the evidence and testimony offered at trial in this matter.

Plaintiff Michael J. Storms ("plaintiff") is the owner of the single-family home located at 8 Stacy Lane, Township of Bernards, Somerset County, New Jersey identified on the tax map of









the Township of Bernards ("Bernards") as Block 2301, Lot 21 (the "subject property"). For the 2020 tax year the subject property was assessed as follows:

| | |
|---|---|
| Land: | $ 309,900 |
| Improvements: | 402,300 |
| Total | $ 713,200 |

Bernards participates in the annual reassessment program, including year 2020. As a result, the implied equalized value is 100% for the year under review.

Plaintiff filed a petition of appeal with the Somerset County Board of Taxation (the "Board") challenging the 2020 tax year assessment on the subject property. On September 8, 2020, the Board entered a Memorandum of Judgment (the "Judgment") affirming the assessment. Although entered on September 8, 2020, the memorandum of judgment indicates it was mailed to the plaintiff on September 24, 2020. The Board cited judgment code 2B – presumption of correctness not overturned. On November 10, 2020 plaintiff filed a complaint with the Tax Court contesting the Judgment. Bernards filed an answer and counterclaim on November 25, 2020. The matter was tried on November 3, 2021.

The subject property is a single-family home, containing 2,728 square feet of gross living area on a .91 acre lot on a cul de sac. It contains four bedrooms, two full baths, one half bath, a partial finished basement and a two-car garage. The home is a center-hall colonial style, of good quality in average condition, built in 1982. The property to the rear of the subject property is wooded and abuts a cemetery in "active" use, meaning that new interments are ongoing on some basis. The subject property is in close proximity to an active roadway, Mount Airy Road, but is not located on that roadway.

## II.    Plaintiff's case

Plaintiff first presented the testimony of a realtor with whom he had listed the subject property for sale. The realtor, presented as a fact witness, testified that she initially listed the subject property for sale on October 28, 2019, after a prior listing with another realtor had expired. That listing was withdrawn in August 2020 without a sale, and she again listed the subject property for sale in 2021. She received no written offers during the initial listing period of October 2019 through August 2020. The original listing price for the subject property was $845,000, which was reduced on three occasions, with a final reduction to $819,000 on June 2, 2020. Although no written offers were received the witness testified that a verbal offer of $815,000 was made which was rejected by plaintiff. The witness was not qualified as an expert to provide a fair market value for the subject property and testified generally as to her familiarity with the market in which the subject property was located, the features of the subject property, including the condition of the subject property, its location and other amenities. The witness further testified generally to her knowledge of the interests and desires of buyers interested in purchasing homes in the area.

Plaintiff testified that he purchased the subject property in 2010 for $680,000. He further testified that there is an upward rise of the area in the rear of the subject property towards the cemetery, so that the cemetery "rises" above the subject property. He further testified that the subject property, while on a cul de sac, is the second house in from Mount Airy Road, which he characterized as a "busy" road. He further testified that Route 287 is near the subject property and that noises from that roadway could be heard. Plaintiff testified that the rear of the subject property has drainage issues because it is lower than the surrounding properties and receives runoff. Although he installed a "drainage ditch," he testified that he still gets a lot of water. Although there has been no flooding to his home, the rear yard becomes wet and it cannot be built upon.

3

Plaintiff testified to the physical attributes of the subject property, including the view from the master bedroom window from which the cemetery is visible. He testified that due to the rise of the land, it is not possible to block the view with additional trees.

Plaintiff presented an exhibit setting forth information regarding all sales of property in Bernards for the year 2020, from which he initially culled 62 sales which he indicated were single family homes with a similar number of bedrooms and similar square footage. From the sixty-two sales, plaintiff further narrowed down the number of comparable sales, finally settling on twelve sales he deemed most comparable to the subject property.

With the exception of two of these properties, plaintiff had not visited any of the interiors of the comparable sales and had not viewed the exterior of most of them. Plaintiff testified he relied on information supplied by the Bernards' Tax Assessor's office and information obtained from a website, Realtor.com. Plaintiff's attempt to identify photos obtained from the website was met with an objection from defendant, which was sustained.

Plaintiff provided testimony about each of the twelve comparable sales he relied upon.

Comparable Sale 1 was located at 200 Spencer Road featured a similar sized lot at .7 acres, had 4 bedrooms and four full baths, with a partially finished basement. The living area was 2,443 square feet, nearly 300 square feet smaller than the subject property. This property sold on February 1, 2019 for $670,000. On cross examination plaintiff acknowledged he had not viewed the comparable sale, had never been inside, was unaware of the style of the home, had never driven past the comparable sale, and had not spoken to anyone familiar with the terms of the sale.

Comparable Sale 2 was located at 518 Mine Brook Road and was situated on a 3.10 acre site, some three times larger than the subject property, featured four bedrooms and three full baths, was more than 300 square feet smaller than the subject property. This property sold on March 26,

2019 for $500,000. On cross-examination, plaintiff acknowledged that a railroad ran behind comparable sale 2, and that high tension power lines ran near the property. Again plaintiff had not been inside the comparable sale, was unaware of any of the circumstances of the sale and had not spoken to any participant in the sale.

Comparable Sale 3 was located at 113 Wexford Way and sold on April 18, 2018 for $485,775. This property was on a lot of 1.16 acres, contained four bedrooms, four full baths and one half bath and contained 3,011 square feet of living area, with a partially finished basement. Plaintiff was unaware of any of the terms of the sale, had not spoken to any participant in the transaction. Although plaintiff testified he had not driven by the home, he testified that it was a contemporary style home on a steep slope.

Comparable Sale 4 was located at 105 Conkling Street, and was located on a .46 acre lot with four bedrooms, two full and one half bath. It contained 2,626 square feet of living area with a partially finished basement. This comparable sold on May 31, 2019 for $618,000. Plaintiff was unaware of the age of the subject property. Plaintiff testified that he had driven by the comparable sale and from the outside it "looked like it was renovated." He acknowledged that this comparable had no garage and that a stream ran along the driveway.

Comparable Sale 5 was located at 75 Flintlock Court, and sold on June 27, 2019 for $669,000. This comparable sale was located on a one acre lot, and consisted of an improvement of 2,306 square feet, with four baths, two full baths, one half bath and a partially finished basement. On cross examination, plaintiff acknowledged that based on the price per square foot of $290, the subject property sale price would be in excess of the assessed value of $713,200. Again plaintiff had not viewed the interior of the home or spoken to any of the participants in the sale.

Comparable Sale 6 was located at 8 Harrison Brook Drive and was located on a .94 acre lot. The improvement consisted of 2,401 square feet, with four bedrooms two full baths and one half bath. The basement was partially finished. This property sold on June 28, 2019 for $600,000. Plaintiff was unaware of the style of the home, its interior condition and had not spoken to any participant.

Comparable Sale 7 was located at 14 Lake Road, and was situated on a lot of 1.85 acres, twice the size of the subject property. It featured an improvement of 2,396 square feet with four bedrooms and three full baths, with a partially finished basement. It sold on June 4, 2019 for $599,000,. Plaintiff was unaware of the style of the home, its interior or exterior condition, or any terms of sale.

Comparable Sale 8 was located at 5 Stacy Lane, across the street from the subject property. This comparable sale contained 1.04 acres, with a home of 2,550 square feet, with four bedrooms, two full and one half bath. The basement was not finished. It sold on June 6, 2019 for $670,000. The comparable sale was located on the corner of Stacy Lane and Mount Airy Road. Plaintiff had viewed the interior of the home. Although he had not discussed the term of the sale with any participant, plaintiff testified that the comparable sale had been listed on the market for approximately two years, and that the seller had been motivated to sell due to the death of his spouse. He testified that with the exception of newly painted kitchen cabinets and the installation of new granite countertops, the comparable sale was in its original condition.

Comparable Sale 9 was located at 35 Washington Avenue and consisted of a .48 acre lot and featured a home of 2,584 square feet with four bedrooms, two full and one half bath. It had a finished basement and was located directly across from a firehouse and a nearby baseball field. This comparable backed up to a cemetery behind which a railroad was located. On cross

examination, plaintiff acknowledged that the price per square foot for this property at $261 would sustain the assessment if applied to the subject property. Although plaintiff was familiar with the exterior of the comparable property, having driven by it on many occasions, he had never been inside the home and was not aware of any of the terms of the sale.

Comparable Sale 10 was located at 77 Martinsville Road which sold on July 24, 2019 for $580,000. The house contained three bedrooms, two full baths and one half bath, with 2,856 square feet, with an unfinished basement. This property was located on a lot containing .5 acres and is situated on Martinsville Road which plaintiff acknowledged on cross examination was a "busy road." Unlike the subject property, the comparable had a septic system and no garage.

Comparable Sale 11 was located at 213 W. Oak Street and consisted of a .54 acre lot on which a house with 3 bedrooms and 3 full baths was situated. The house contained 2,712 square feet and no basement, and sold on July 17, 2019 for 515,000. On cross examination plaintiff acknowledged that the comparable sale was located on the corner of Mount Airy Road and was across from a truck depot.

Comparable Sale 12 was located at 101 Spencer Road and was located on a 1.03 acre lot, and contained five bedrooms and three baths with 2,921 square feet and a partially finished basement. Plaintiff had been in the interior of the home and was familiar with its condition. The comparable sale sold on October 1, 2019 for $700,000. This comparable was a ranch style home unlike the subject property.

After cross-examination, and the conclusion of plaintiff's case, Bernards moved to dismiss the complaint pursuant to R. 4:37-2 for failure to overcome the presumption of validity of the assessment. Bernards verbally withdrew its counterclaim, but reserved its right to present a case

to defend the assessment. Due to the lateness of the hour, the court reserved on the decision, advising the parties that if the motion was denied, a new date would be provided.

## II. Conclusions of Law

### a. Presumption of Validity

The court's analysis begins with the well-established principle that "[o]riginal assessments and judgments of county boards of taxation are entitled to a presumption of validity." MSGW Real Estate Fund, LLC v. Borough of Mountain Lakes, 18 N.J. Tax 364, 373 (Tax 1998). "The presumption attaches to the quantum of the tax assessment. Based on this presumption, the appealing taxpayer has the burden of proving that the assessment is erroneous." Pantasote Co. v. City of Passaic, 100 N.J. 408, 413 (1985)(citing Riverview Gardens v. North Arlington Borough, 9 N.J. 167, 174 (1952)). The "presumption is not simply an evidentiary presumption serving only as a mechanism to allocate the burden of proof. It is, rather, a construct that expresses the view that in tax matters, it is to be presumed that governmental authority has been exercised correctly and in accordance with law." Pantasote Co., 100 N.J. at 413 (citing Powder Mill, I Assocs. v. Hamilton Township, 3 N.J. Tax 439 (Tax 1981)). "The presumption of correctness…stands, until sufficient competent evidence to the contrary is adduced." Little Egg Harbor Township v. Bonsangue, 316 N.J. Super. 271, 285-86 (App. Div. 1998). A taxpayer can only rebut the presumption by introducing "cogent evidence" of true value. Pantasote Co., 100 N.J. at 413 (citing Riverview Gardens, 9 N.J. at 175). That is, evidence "definite, positive and certain in quality and quantity to overcome the presumption." Aetna Life Ins. Co. v. Newark City, 10 N.J. 99, 105 (1952). Therefore, at the close of plaintiffs' proofs, the court must be presented with evidence

8

which raises a "debatable question as to the validity of the assessment." MSGW Real Estate Fund, LLC, 18 N.J. Tax at 376.

The court, in evaluating whether the evidence presented meets the "cogent evidence" standard, "must accept such evidence as true and accord the plaintiff all legitimate inferences which can be deduced from the evidence." Id. at 376 (citing Brill v. Guardian Life Insurance Co. of America, 142 N.J. 520, 535 (1995)). However, the evidence presented, when viewed under the Brill standard "must be 'sufficient to determine the value of the property under appeal, thereby establishing the existence of a debatable question as to the correctness of the assessment.'" West Colonial Enters, LLC v. City of East Orange, 20 N.J. Tax 576, 579 (Tax 2003)(quoting Lenal Props., Inc. v. City of Jersey City, 18 N.J. Tax 405, 408 (Tax 1999), aff'd, 18 N.J. Tax 658 (App. Div. 2000), certif. denied, 165 N.J. 488 (2000)). "Only after the presumption is overcome with sufficient evidence…must the court 'appraise the testimony, make a determination of true value and fix the assessment.'" Greenblatt v. Englewood City, 26 N.J. Tax 41, 51-2 (Tax 2011)(quoting Rodwood Gardens, Inc. v. City of Summit, 188 N.J. Super. 34, 38-39 (App. Div. 1982)). If the court concludes that evidence sufficient to overcome the presumption of validity attached to the tax assessment has not been presented, judgment must be entered affirming the assessment. Ford Motor Co. v. Township of Edison, 127 N.J. 290, 312 (1992). In the absence of a motion to dismiss under R. 4:37-2(b), the court is nonetheless required to decide if the plaintiff has overcome the presumption of validity. See MSGW Real Estate Fund, LLC, 18 N.J. Tax at 377-79. Thus, if the court independently concludes the plaintiff has not carried its requisite burden, dismissal of the action is warranted under R. 4:40-1, and the trial court need not engage in an evaluation of the evidence to make an independent determination of value. Ibid.

9

The court finds that plaintiff has failed to provide this court with evidence sufficient to overcome the presumption of validity of the assessment in this matter. Although plaintiff presented the court with twelve sales which he deemed comparable, plaintiff had no personal knowledge of the condition of the interior of all but two of the properties and had not viewed the exterior of a majority of the others. With respect to many sales he was unable to testify as to the style of the comparable sales and offered his unsupported lay opinion that the style of home would not be a comparability factor.

"Comparability" was based solely on the number of bedrooms and bathrooms, lot size and living area. However, many of the sales suffered from a lack of comparability even in these features. The lot size of Comparable Sale 2 was three times greater than that of the subject property, Comparable Sale 7 was twice as larger and Comparable Sales 4, 9, 10 and 11 were approximately ½ the size of the subject property. There were significant variances in the living area of the comparable sale properties to the subject property.

The court is left with two properties which plaintiff indicates he had familiarity, sufficient to gauge comparability, Comparable Sales 8 and 12. Comparable Sale 8 sold on June 6, 2019 for $670,000, however, this comparable sale had no finished basement, was approximately 200 square feet smaller than the subject property and was located on the corner of Mount Airy Road, which even plaintiff maintains was a negative factor on value. Comparable Sale 12 was on a similar sized lot, but contained and additional bedroom and full bath, and was approximately 200 square feet bigger. Moreover, the style of the home was a ranch. Although plaintiff's lay opinion was that a ranch style home is comparable to a center hall colonial, there are significant differences in the physical layout of these homes which may, or may not, impact their comparability.

10

In any event, the court is unable to conclude from the evidence presented by plaintiff that there is a debatable question as to the validity of the assessment. Plaintiff's evidence was insufficient to establish the value of the subject property, and therefore, was insufficient to overcome the validity of the assessment.

Defendant's motion to dismiss plaintiff's complaint for failure to overcome the presumption of validity of the assessment is granted. As the counterclaim had been withdrawn, the court will enter judgment dismissing the complaint and counterclaim in this matter.

Very truly yours,

/s/ Kathi F. Fiamingo

Kathi F. Fiamingo, J.T.C.